## M. A. HOGGATT, Tutrix, v. H. P. MORANCY, Dative Executor.

The mother, as natural tutrix of her minor children, is entitled to the seizin of an estate bequeathed to them as universal legatees of their grandfather, notwithstanding the will under which they derive appoints another person to the tutorship.

The nomination by the grandfather in his will of a tutor to his grandchildren, to the prejudice of their surviving parent, is illegal, and the disposition null, and conside ed as not written. C. C. 1506.

The nomination of tutor by last will, can only be made by the surviving father or mother. C. C. 275.

APPEAL from the District Court of the Parish of Madison, *Snyder*, J.
*Stacy & Sparrow*, for plaintiff. *Hynes*, for defendant and appellant.

BUCHANAN, J. (OGDEN, J., absent.) The plaintiff as natural tutrix of her minor children, who are the heirs of *Nathaniel Hoggatt*, deceased, claims of the defendant, dative executor of the last will of said *Nathaniel Hoggatt*, the seizin of the estate and an account of administration. Her right thereto is unquestionable, under Article 1664 of the Code. See also the case of *Claque* v. *Claque's Executors*, 13th La. Rep. 5. There are no movable legacies, except one, which is not, however, a charge upon the estate administered by defendant, being devised upon the express condition that the legatee shall give a quit claim to the heirs of that estate, under penalty of forfeiture of the legacy. It is to be observed, that *Nathaniel Hoggatt* died possessed of property, both in Mississippi and Louisiana; and that the Louisiana estate alone is administered by defendant.

The contest between these parties has grown entirely out of the peculiar phraseology of the following clause of *Nathaniel Hoggatt's* will:

" Item :—I give, devise and bequeath to the legitimate children of my son *Anthony*, who may be living at the time of his death, or the legal descendants of such as may previously die, such portions as my son *Anthony* may, by deed or will, appoint; and in default of such appointment, in equal portions, the descendant of every deceased child taking but one share, all the lands, slaves and movable effects belonging to me in the parish of Madison, State of Louisiana, or which may be therein at the time of my death. I appoint my said son *Anthony*, guardian of his said children, and will and require that he shall manage and control said lands, slaves and movable effects to the best advantage for said children, and with the increase thereof, provide for the general support and liberal education of said children and their descendants according to his judgment and discretion. I further will and devise, that as each of said children shall arrive at the age of twenty-one years or marry, that said *Anthony* shall set apart and give the usufruct of a portion of said property to such child to such amount as he deems just; after which, he shall not be accountable for the receipt or disbursement of the income of such property so set apart, nor for the support of the child so advanced. I wish it well understood, that if *Anthony* should die before his children arrive at the age required by this will to take charge of the property, in that case I wish my executors to take charge of every species of property herein mentioned for my son *Anthony's* children, and act according to this will."

22

*Anthony Hoggatt* died shortly after his father; and the plaintiff has qua li fied in Mississippi, the place of her residence, as guardian of the five children, issue of her marriage with *Anthony;* and also in Louisiana, as natural tutrix of said minors.

So far as regards the institution of heir contained in the foregoing testamentary disposition, it is perfectly distinct, intelligible and legal. But when the testator proceeds to nominate a tutor for his grandchildren, whom he has thus instituted his heirs, and that, to the prejudice of the right of the surviving parent of those grandchildren, he does something contrary to law, and his dispositions, to that extent, are absolutely null—are considered as not written. C. C. 1506.

The tutorship of the minor child, belongs of right to the surviving mother or father. C. C. 268. The disposition of the will which gave the guardianship of *Anthony Hoggatt's* children, at his death, to the executors of the testator, violated this article. In that respect, this case resembles that of *Claque,* in 13th Louisiana Reports, above cited. But this case presents another feature of illegality not found in that of *Claque.* The appointment of a tutor by last will, can only be made by the surviving father or mother. C. C. 275. Here, it is made by the grandfather, in the lifetime of both parents of the minor.

Judgment affirmed, with costs.