## SHANKS *et ux.* v. SEAMONDS & CAMPBELL.

1. **Guardian:** SALE AS NATURAL GUARDIAN. A father of whom it does not appear that he was appointed guardian of the property of his minor child, or complied with the statutory requirements relating to guardian's sale, has no power by virtue of his being the *natural* guardian of his child, to sell or dispose of real estate belonging to the child, even though it appears he was so ordered to do by the County Court.

2. —— ESTOPPEL BY DEED. Nor would a deed made by him as natural guardian, pursuant to such sale, without legal authority, estop a third party from setting up a title to the land derived through a deed from the father himself, who became seized of the land by inheritance from the child, who died subsequent to the alleged guardian's sale.

3. —— ESTOPPEL IN PAIS: SILENCE OF SUBSEQUENT PURCHASER. Neither would silence and a failure to object on the part of such third party, before his purchase, to improvements being made upon the land by the persons claiming title thereto through the alleged guardian's sale, estop him from afterward setting up the legal title subsequently acquired by him from the father.

*Appeal from Montgomery District Court.*

FRIDAY, JANUARY 31.

REAL ACTION. — The property in dispute once belonged to Alice M. Zuber, the infant child of J. J. Zuber. Defendants claim title under a deed made by the father, as the guardian of said Alice.

Plaintiffs claim under a deed from the father, after the death of the child, and to whom the property descended, if the title was not divested by the guardian's deed. The case was heard in equity, the answer setting up an equitable defense. Judgment for plaintiffs, and defendants appeal.

*C. E. Millard* for the appellants.

*J. M. Dews* for the appellees.

WRIGHT, J. — Plaintiff's legal title seems to be well and sufficiently sustained, and must prevail unless the 1. GUARDIAN: equities set up by defendants are sufficient sale as natural guardian. to defeat it. And here we are called upon chiefly to consider and determine the effect due to the alleged guardian's sale.

Without setting out the facts, we remark that this title has nothing whatever upon which to stand. In January, 1862, the records of the County Court recite, that, upon the petition of J. J. Zuber, natural guardian of Alice M. Zuber, to sell real property belonging to her, the court ordered the guardian to sell said property (describing that in controversy) at private sale, etc. Beyond this there is nothing whatever to show that the father ever was appointed guardian; that he ever filed a petition to sell; that he ever gave notice of such application; that he ever sold or conveyed the property by virtue of this authority; that he made any return or settlement as

guardian, nor that he took any other step in relation to the property of the ward. Indeed, it quite conclusively appears that he never was appointed guardian, and never had authority as such to dispose of this property. Not only so, but it is left in much doubt whether he· ever executed or delivered a deed of any kind to the party under whom defendants claim. On the other hand, plaintiffs show the death of the child, the descent to the father, and a deed in due form from him to them. Upon these facts there can, of course, be no question as to what party has the legal title. And under them, there can be as little doubt, when we turn to equities insisted upon by defendants.

If the father never made a deed as guardian, *he*, of course, would not be estopped from denying defendant's title. And this would be more emphatically true of plaintiffs, who take title from him. Not only so, but a deed by him, as natural guardian, made without authority, without right, and in the absence of all right or authority, for which nothing was ever received, or pretended to be received by the ward, made, if for any thing, in consideration of an old debt of the father, would not estop these plaintiffs from setting up title derived from him in his own right. If there was any fraud on the part of Zuber, plaintiffs are not connected with it, and, hence, not affected by it.

*2. —— estoppel by deed.*

And the alleged knowledge on the part of plaintiffs, that defendants were putting improvements upon the lot, and that the husband had entered into and had a contract for erecting the building thereon, though ever so fully established, is of but little moment, for two most cogent reasons. In the first place, defendants were advised and told at the time of building, that they had no title, and, in the face of this information, proceeded with their improvements.

*3. —— estoppel in pais: silence of subsequent purchaser.*

Then, again, plaintiffs then had no title, and did not acquire any for near a year afterward. Of course, therefore, any silence on their part before acquiring title, if shown, would not estop them from setting up that subsequently acquired. And the same is true of the alleged sale by plaintiffs to defendants of the deed from Remick (who once held the title) to the person under whom both parties claim title. This transaction was long before plaintiffs had any title, and so utterly barren of every thing like a sale of the property, that we cannot imagine any single ground upon which it could be claimed that defendants acquired any rights under it.

This judgment must, therefore, be affirmed. What rights, if any, defendants may have for improvements, as occupying claimants, we are not now called upon to determine.

Affirmed.