LOMMEN v. TOBIASON.

SAME v. SAME.

52 665
97 221
52 605
121 716

1. **Administrator:** MALADMINISTRATION: INTEREST. Where a certain amount in notes came into the hands of an administrator, and his inventory failed to show the rate of interest borne by them, it was held that he should be charged interest thereon, at the rate of ten per cent, to the time when they came into his possession, and at the rate of six per cent, with annual rests, thereafter.

*Appeal from Winneshiek Circuit Court.*

SATURDAY, DECEMBER 13.

· THE above cases are submitted together. In the court below the letters granted to K. Tobiason, as administrator of the estates of Ole Holverson and Holver Holverson were revoked, and he was removed from his position as administrator. In the former case it was ordered that judgment be rendered against the defendant for $12,289.70, with interest thereon at the rate of ten per cent, and that, in the event of his failure to pay the same to his successor within thirty days, suit be commenced on his bond. In the latter case judgment was rendered against the defendant for $2,386, with a like order should he fail to pay to his successor in thirty days. The defendant appeals simply from the amounts of the judgments. The facts are stated in the opinion.

*L. Bullis,* for appellant.

*Willett & Willett,* for appellees.

DAY, J.—On the 4th day of January, 1874, Ole Holverson died in Winneshiek county, without issue or wife, leaving brothers and sisters his heirs. On the 27th day of August, 1874, Holver Holverson, brother of deceased, duly qualified as the administrator of his estate, the defendant, Tobiason, being one of his sureties on his bond. July 20th, 1875, Holver

Holverson filed an inventory of the assets of the estate, show-
ing the entire assets to consist of the following items:

| | |
|---|---:|
| Notes and mortgages | $12,362.01 |
| Currency | 8.00 |
| Silver | 3.70 |
| Personal property | 175.00 |
| Grand total | $12,458.71 |

This inventory states the maker's name and amount of each
note, but does not state the date, when due, nor the rate of
interest. It seems quite apparent also that it does not con-
tain any statement of the interest accrued on the notes at the
time the inventory was filed. It seems probable, from the
testimony, that Holver Holverson collected of this amount
$2,133. Holver Holverson died, and, February 11th, 1876,
the defendant, K. Tobiason, was duly qualified as adminis-
trator, in his stead, of the estate of Ole Holverson.

On the 8th day of May, 1876, K. Tobiason was duly ap-
pointed administrator of the estate of Holver Holverson, who
died without wife or issue, leaving the same persons his heirs
who are the heirs of Ole Holverson. The defendant filed no
inventory and made no report of his proceedings in either
estate. On the 7th day of January, 1878, Betsey Oleson, one
of the heirs of Ole Holverson, upon due notice to the defend-
ant moved the court for an order compelling the defendant to
make a report. This motion was sustained, and it was ordered
that the administrator file an inventory and report of his pro-
ceedings within sixty days. On the 16th of March, 1878, the
defendant filed a report but filed no inventory. On the 10th
day of June, 1878, Betsey Oleson filed a petition for the
removal of the defendant as administrator of the estate of
Ole Holverson, charging him with neglecting to file an inven-
tory, and with maladministration. On the 7th day of January,
1878, Betsey Oleson filed a motion that an order issue requir-
ing the defendant to file an inventory and report of his pro-
ceedings as administrator of the estate of Holver Holverson.
On the same day the motion was sustained, and it was ordered
that he file a report and inventory within sixty days. On the

16th of March, 1878, he filed an inventory but made no report of his proceedings. This inventory showed the total amount of book accounts and notes to be $1,970, but does not show the date or rate of interest of the notes, nor the amount of interest accrued at the time of filing the inventory. On the 7th day of June, 1878, Betsey Oleson filed a petition for his removal as administrator of this estate also. On the 2d day of September, 1878, the defendant filed his answer in the matter of the estate of Ole Holverson, alleging that he adopted the inventory of his predecessor, Holver Holverson; admitting the loaning out of a portion of the money collected by him, and alleging that he is ready to account for the principal and interest when an order of distribution is made. At the same time he filed an answer in the matter of the estate of Holver Holverson, denying that he was ordered to make a report, and alleging that he was simply ordered to file an inventory. On the 9th day of September, 1878, the defendant filed a petition alleging that he is the administrator of the estates of Ole Holverson and of Holver Holverson; that the heirs of the two estates are the same; asking that the two estates be consolidated, and that the following payments made to the heirs at law of said estates be approved, to-wit:

To Betsey Oleson, April 5th, 1876 . . . . . . . . . . . . . . $ 1,155.64
To Ann J. Meland, February 26th, 1877 . . . . . . . . $ 1,000.00
To Betsey Neilson, February 20th, 1877 . . . . . . . . $ 1,000.00

He asked that a distribution of money and acceptable claims be ordered to certain of the heirs, in amounts by him indicated, and that he be required to make distribution at the next term of the court. At the same time the defendant filed a report in each of the estates, in which he charged each estate with the same payments of $1,000 to Ann J. Meland and $1,000 to Betsey Neilson. Upon the filing of these reports the court suspended the defendant from further duties as administrator in each estate, except as to final settlement, and appointed G. T. Lommen as his successor in both estates, and ordered the defendant to turn over all property in his hands as administrator to Lommen, within ten days after notice from the clerk of the qualification of Lommen. It was further ordered

that the defendant, by the 1st day of November, 1878, file a final report, giving a detailed account of his doings in the premises. The defendant failed to comply with the order to turn over the assets in his hands as administrator to his successor, and he was attached for contempt. On the 15th of January, 1879, he filed his final report in each estate. In the matter of the estate of Ole Holverson he stated that he had filed no inventory, but had adopted the inventory of his predecessor, Holver Holverson, showing claims owing the estate to amount of...................... ............ $12,548.71

That he had collected on said claims............ $10,581.96

That he had received interest from all sources.... $ 1,365.00

Total amount received................... $11,946.00

In this report he showed that he had paid to the

heirs .............................. ...... $ 3,155.00

For coffin and funeral expenses................. 142.00

For gravestones................................ 65.00

For taxes.................................. 134.00

Showing the total disbursements in money on behalf

of the estate to be...................... $ 3,496.00

He reported no money on hand, but stated that he had turned over to Lommen, on order of the court, notes on various parties, of which he gave a detailed statement, amounting to $8,729.69. He also charged for his commissions and incidental expenses $405.49. Two of the notes which he stated he had turned over to his successor were his own notes, amounting to $728.

In the matter of the estate of Holver Holverson he reported the entire assets of the estate, including $50 received on sale of personal property, and $185 total interest collected on claims, as amounting to...................... $ 2,205.00

That he had collected thereon from various persons

named......................... 1,217.08

That he had turned over to Lommen, his successor,

notes and mortgages...................... 1,974.00

The charges for funeral expenses, grave stones, coroner's inquest, and his fees and expenses amounting to $230.53, bal-

anced the account.  Lommen refused to accept the notes tendered him in each case, and filed exceptions to the reports, and moved that the reports be made more specific so as to show, amongst other things, the dates, amounts and rate of interest of all notes received by him; all monies received by him on account of said estates, from whom, the amount, and on what claim; the disposition made of money he received and collected, whether he loaned any of the same, if so to whom and when, in what amounts and rate of interest, and when payable, and if he has purchased notes and mortgages therewith, from whom and the sum paid.  The defendant thereupon filed the following affidavit: "That I have been and am yet unable to make a report as required by this court, and the motion of attorneys for heirs and others; cannot give dates of notes, nor rate of interest, nor amount of interest, nor from whom received any fuller than as given in my report; nor from whom or what interest was received; cannot show now the character of the assets that came into my hands, nor dates of the notes received, nor by whom or to whom payable, nor the amount of each; nor the amounts or sources of any money received by me, nor the amount of cash received by me, nor when, nor what has become of the money, more fully than as reported by me.  My papers and memorandums being mislaid, I am unable by memory to do better than I have."  The court sustained the motion for a more specific statement, and ordered that it be filed by the 1st day of February, 1879.  On the 1st of March, 1879, no further statement having been filed, the court disapproved the filed report and rendered judgment against the defendant in the amounts before stated.

*First:*  As to the Ole Holverson estate.  It is evident that, because of the neglect of the defendant to file a proper inventory, it is not possible to determine the exact amount which came into the defendant's hands.  The inventory originally filed shows the amount of assets to be $12,458.71, of which $12,362 was in notes and mortgages.  The inventory does not state what rate of interest these notes bore, and, as against the defendant, whose negligence and wrongful act prevents us from acquiring accurate

1. ADMINISTRATOR: maladministration: interest.

knowledge, it is fair to presume that they bore the highest customary rate at the death of the decedent, which is ten per cent. Of these notes the former administrator collected $2,133, and the evidence shows that $133.25 were uncollectible. Deducting these sums there remains a balance of $10,-095.75 in notes, which remained on interest at ten per cent from the filing of the original inventory until they went into the defendant's hands; with this defendant should be charged. After the money came into the defendant's hands we think he can be charged only six per cent, for ten per cent interest can be charged only when it is reserved by written contract. But as the defendant has been guilty of very gross maladministration, and has furnished no data for reaching a strictly accurate result, the interest should be computed with yearly rests, or compounded. And as the defendant has dealt with the money collected by him and invested it in other securities whereby the estate has received no benefit from his services, he should not be allowed any commission or compensation. We think also that the successor of defendant should not be required to accept the notes tendered, and that the defendant should be made liable for the whole amount of the inventory less the notes unavailable when received by him. The account, computed as accurately as we are able from the data furnished in the record, stands as follows:

Amount of original inventory..................... $12,548.71
Interest on $10,095.75, from date of inventory to
 Feb. 11, 1876, when defendant qualified..... 566.46
                                                _____
      Amount which came into defendant's hands $13,115.17
Deduct amounts paid for funeral expenses, grave
 stones and taxes............................... 343.00
Deduct also payment to Betsey Oleson made soon
 after qualification, and on which interest should
 not be charged............................... 1,155.64
Balance after making deductions............... 11,616.53
Interest from Feb. 11, 1876, to Feb. 26, 1877, at 6
 per cent..................................... 726.03
                                                _____
                                                $12,342.56

Deduct payments to Ann J. Meland and Betsey .
    Neilson, $1,000 each.................... 2,000.00

                                  $10,342.56

Add interest for one year to February 26, 1878, at
    6 per cent............................... 620.55

                                  $10,963.11

Add interest to March 1, 1879, .the date of the
    decree........ ....................... 663.26

                                  $11,626.37

For this amount the plaintiffs should have judgment, with interest from March 1, 1879, at six per cent.

*Second:* As to the estate of Holver Holverson. Defendant was appointed May 8, 1876. He did not file his inventory until March 10, 1878, and then made no account of interest. He should be charged interest on the amount of the inventory at six per cent, with yearly rests from the date of his qualification. The account then will stand thus:

Amount of inventory including amount received on sale of
    personal property........................ $ 2,020.00
Deduct amount of funeral expenses, tomb stones
    and coroner's inquest..................... 137.50

                                  $ 1,882.50
Interest from date of appointment for one year, to
    May 8, 1877, at 6 per cent .... ........... 112.95

                                  $ 1,995.45
Interest for one year to May 8, 1878............ 119.72

                                  $ 2,115.17
Interest to March 1, 1879, date of decree........ 103.67

                                  $ 2,218.84

For this amount the plaintiffs should have judgment with interest from March 1, 1879, at the rate of six per cent. We are aware that the foregoing computations probably deprive the plaintiffs of the interest accrued on the notes at the time

the inventory was filed in one case and at the time the notes came into the defendant's hands in the other case. But the record does not furnish any data for the determination of the amount of that interest. Whilst it is probable that the foregoing results fail to do full justice to the plaintiffs, yet, in our opinion, they approach it as nearly as is possible in view of the imperfect inventories which have been filed. If the defendant could be charged interest at the rate of ten per cent upon the amount of the inventories, it would probably fall short of making the plaintiffs whole. But, owing to the provisions of our statute as to interest, we feel that we are not authorized to do this. If the plaintiffs so elect, they may take judgment in this court for the amounts above ascertained. Otherwise the cause must be remanded for a new trial.

REVERSED.