[No. 7,808.   In Bank.—November 28, 1884.]

J. C. MERRIFIELD, ADMINISTRATOR OF THE ESTATE OF SUSANNAH MERRIFIELD, DECEASED, APPELLANT, *v.* CHARLES LONGMIRE ET AL., RESPONDENTS.

ESTATES OF DECEASED PERSONS—ADMINISTRATOR—LIABILITY FOR INTEREST.—
An administrator who uses the funds of his decedent's estate for his own profit, is liable for interest at the legal rate, with annual rests.

ID.—DECREE OF DISTRIBUTION—APPEAL BY ADMINISTRATOR.—No appeal lies by an administrator from a decree of distribution of an estate, where he has no interest as administrator in the matter sought to be reviewed.

APPEAL from a decree of distribution of the Superior Court of the county of Solano.

The facts sufficiently appear in the opinion of the court.

*J. F. Wendell,* for Appellant.

*O. R. Coghlan*, for Respondents.

MYRICK, J.—The court below made a decree settling the account of the administrator, and distributing the estate. From this decree the administrator, *as administrator*, appealed to this court.

1. In settling the account, the court found that the sum of $5,540.61, assets of the estate, had been used by the administrator in his own business and for his own profit, and charged him with interest at the rate of seven per cent. per annum, with annual rests. This finding is attacked for want of evidence to sustain it. We think the court was clearly justified in charging the administrator with the interest. Merrifield (administrator here) was the purchaser of real estate from the administrator of one Longmire, deceased—the former husband of this intestate—and in making payment therefor receipted to the administrator of Longmire for $5,631, as received by him as administrator of the estate of his intestate, and returned in his inventory that amount of money in hand belonging to his intestate, Susannah Merrifield. He thus had his purchase, and had also the purchase money, which he, as administrator, did not set apart from his individual funds as money of the estate.

2. The appellant may have been interested as an individual in the distribution of the estate, claiming, as he did, to be the assignee of some of the heirs; but *as administrator* he had no interest. It is now well settled in this State, that a decree of distribution will not be reviewed on an appeal by an executor or administrator, where he, as such, has no interest in the matter sought to be reviewed. (*Bates* v. *Ryberg*, 40 Cal. 463; *Estate of Marrey*, 65 Cal. 287.)

The decree is affirmed.

SHARPSTEIN, J., ROSS, J., MCKINSTRY, J., MCKEE, J., and MORRISON, C. J., concurred.