| 93 | 303 |
| 105 | 570 |
| 93 | 303 |
| 124 | 491 |

IN THE MATTER OF THE ESTATE OF L. M. GLOYD,
Deceased.

**Estate of Decedents: COMPENSATION OF TRUSTEE.** One who, under a
will, acts in the dual capacity of trustee and executor should be
paid for his services as trustee, as executors are paid under Code,
2494. In order to recover for extraordinary services as either
executor or trustee, under Code 2495, it must appear that such
were necessary, and that the statutory compensation under Code
2494, is not sufficient.

**INTEREST ON FUNDS.** The charging an executor with interest on
undistributed funds is a discretionary matter.

*Appeal from Cerro Gordo District Court.*—HON. JOHN
C. SHERWIN, Judge.

SATURDAY, JANUARY 19, 1895.

*Blythe, Markley & Smith* for appellants.

*Cliggitt & Rule* for appellee.

Kinne, J.—I. The will of Lucinda M. Gloyd,
deceased, contained the following provisions: "I give,
devise, and bequeath to George L. Herrick, of Mason
City, Iowa, and Henry W. Austin, of Oak Park, Ill., in
trust to manage, control, rent, sell, and convey, and
convert same into money, all the real estate that I may
own at the time of my decease, wherever same may be
situated; and I hereby authorize and direct said trus-
tees to take and retain possession of said real estate,
and to manage, control, and rent the same; and I
authorize said trustees to sell and convert said real
estate into money as rapidly as they can do so, at rea-
sonable and fair prices; and I hereby empower them,
or either of them, to execute and acknowledge and

deliver good and suitable deeds of conveyance for real estate thus sold; and I hereby authorize and direct said trustees to pay all taxes that may accrue on said real estate from time to time, and to keep said real estate in suitable repair and condition; and said trustees are hereby authorized to deduct from such rents, profits, and proceeds sufficient to pay said taxes, and to keep said premises in suitable repair and condition, and also sufficient to reasonably compensate said trustees for their trouble and services in connection with this trust; and said trustees are to settle with my executors semi-annually, and pay to my said executors the remainder of said rents and profits, and the proceeds realized from such sales of real estate, and the property thus turned over to my said executors to be by them disposed of, as hereinafter provided." Then follow certain special bequests, as follows: To Mason City Cemetery Association, five hundred dollars; to her sister Margaret Teeter, one thousand dollars; and to her sister Louisa Connover, the sum of one thousand dollars. She then devises and bequeaths the remainder of her estate to Louisa Sackrider and others, and provides that, upon a failure of either of the trustees or executors named to act as such, that I. R. Kirk, of Mason City, Iowa, shall act as trustee and executor in place of the one so failing to act. Herrick and Kirk qualified as trustees and executors, and in their account as trustees receipted to themselves as executors for one thousand five hundred dollars for their compensation as trustees. Louisa Sackrider and other residuary legatees filed written objections to this report, and to other reports, claiming that the compensation taken as trustees was excessive, and asking that the executors be charged with six hundred and sixty dollars interest on funds wrongfully withheld by them from said legatees. On a trial to the court, Herrick and Kirk were

allowed eight hundred and thirty-five dollars for services as trustees and executors in addition to the sum theretofore allowed, and the executors were charged with two hundred and forty dollars interest on moneys held by them after it should have been distributed. Both parties appeal. The trustees and executors, having first served notice of appeal will be treated as appellants.

II.    The lands devised consisted of an improved farm of one hundred and sixty acres near Mason City; two houses and lots in said city; a ten-acre tract south of said city; and lots in the town of Austin, a suburb of Chicago, Ill. The trustees received, from sales of all of this real estate, thirteen thousand five hundred and sixty-five dollars and forty-two cents; and from rents of same, five hundred and eight dollars. From time to time the trustees paid over to themselves, as executors, the sums thus realized from rents and sales of real estate. As executors, they also received and distributed, as proceeds of the chattel property, the sum of five thousand seven hundred and eighty-one dollars and sixty-six cents. So that, as executors, they disbursed nearly eighteen thousand dollars. Appellants contend that, as they acted in a dual capacity, they should be paid compensation both as trustees and as executors, and that the sum allowed by the court was much less than they were entitled to. Appellees claim that in the absence of a showing as to the items or nature of the services rendered, the compensation to be paid them should be measured by the statutory compensation allowed to executors, and that, so computed, the sum allowed by the court was excessive. Appellants were the only witnesses as to the nature and character of the services rendered. They were unable to give any idea of the time they had spent, either as trustees or as executors; nor could they fix the value of the services they had rendered with reference to any particular piece of

property. Their testimony was general, indefinite, and exceedingly unsatisfactory to base a claim for allowance other than the usual statutory fees. Our statute makes no provision as to the compensation of trustees, but does provide that executors shall be allowed the following commissions upon the personal estate sold or distributed by them, and the proceeds of real estate sold for the payment of debts, which shall be received in full compensation for all their ordinary services, viz.: "For the first one thousand dollars, the rate of five per cent.; for the overplus between one and five thousand dollars, at the rate of two and one-half per cent.; for the amount over five thousand dollars, at the rate of one per cent." Code, section 2494. By section 2495 of the Code it is provided that "such further allowances as are just and reasonable may be made by the court for actual, necessary and extraordinary expenses or services." We see no reason why appellants' services as trustees should not be compensated at the rate provided by the statute for executors, and under the sections applicable thereto. Computing their compensation as trustees on that basis, and adding thereto the compensation allowed by law to executors, and we find that the court allowed them for services in both capacities over two hundred dollars more than their commissions would have amounted to for all ordinary services as trustees and as executors. To warrant such an allowance, it should have been made to appear that in one or both of said capacities the appellants rendered necessary and extraordinary services for which the ordinary commissions were not adequate compensation, or that they expended money in or about the proper performance of their duties for which they justly, should be reimbursed. The record shows that these appellants had already been allowed for all sums of money expended by them. The only thing in the

way of extraordinary services rendered the estate, so far as appears, was a trip they made to Austin, Ill., touching the estate lots there, and they were allowed all the expenses of the trip and twenty-five dollars each besides for this service in addition to the amount finally allowed by the court.   We can discover no ground for making this extra allowance of over two hundred dollars.   If they expected to claim an extra allowance, they should have been prepared to show some extraordinary services rendered as a basis therefor, or that they were in the proper performance of their duties, engaged for so much time as that the statutory compensation would not be sufficient.   In other words, extraordinary allowances in such cases are not to be made, unless there appear to be good reasons for so doing.   This record does not show such a case.   The allowance to appellants will be reduced to six hundred and thirty-five dollars.

III.    Were appellants properly charged with the two hundred and forty dollars interest?   It is no doubt true that an executor who retains funds in his hands unnecessarily, and for an unreasonable length of time, to the prejudice of a legatee, should be charged with interest thereon.   It is not always easy to determine when and to what extent, an executor is justified in holding money, and failing to turn it over to those ultimately entitled to it.   So much depends upon the condition of the estate, that much discretion must necessarily be lodged in the trial court, and we should not be justified in interfering with its action, unless it clearly appears that injustice has been done.   We cannot refer in detail to all of the facts touching this matter of interest.   It is enough to say that we are satisfied with the action of the trial court in this respect.   On the appeal of the trustees and executors, the judgment below will

be affirmed. On the appeal of the legatees, the judgment below will be modified to the extent indicated in the third division of this opinion, and as thus modified is *affirmed*.