IN THE MATTER OF THE ESTATE OF MADISON YOUNG,
Deceased.—Final Accounting.

**Administrator:** FAILURE TO INVEST. An administrator having
1   funds of the estate, which he used in his private business, with-
out attempting to invest them for the benefit of the estate, though
he could have realized a profit thereon greater than six per cent.,
was properly charged with six per cent. on the average amount
while it was in his hands, though the will, in providing that no
distribution should be made until the youngest legatee should
attain majority, did not direct that the funds should be invested,
and, though while the administrator's report showed that the
moneys were not invested, it did not show that he was using them
for his own profit

COMPENSATION: *Interest.* Though said administrator, as such, ren-
2   dered his services for over twenty years, it was proper not to allow
3   extra compensation under Code, 2495, for extraordinary services,
.   inasmuch as interest was not charged to him with annual rests,
as might have been done under the circumstances of the case.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,
Judge.

WEDNESDAY, FEBRUARY 5, 1896.

MADISON YOUNG died in 1873, testate, and P. M.
Casady became the administrator of his estate with
the will annexed. One of the legatees was four years
of age when Madison Young died, and, by the terms of
the will, final distribution could not be made until
such legatee attained his majority. The final report
was filed September 23, 1893, to which exceptions
were taken by the legatees, and the district court,
after specifying the real estate in the hands of the
administrator, made a finding as follows: "And the
court further finds that said administrator had in his
hands at the close of the years 1875 to 1888, inclusive,
large balances, which averaged eighteen thousand,

five hundred and fifty-two dollars, and ninety-five cents, for each of said years, and that he used said moneys in his private business, and that he has not charged himself with any interest upon any of such balances, nor accounted for any profits thereon; that, as a matter of law, he should be charged with six per cent. simple interest upon such yearly balances for the period of fourteen years, being from January 1, 1875, to December 31, 1888, which amounts to the sum of fifteen thousand, four hundred and two dollars, and forty-five cents; and that he should be charged interest upon said last-named sum, at the rate of six per cent. per annum from December 31, 1888, to December 31, 1893, giving him credit for such payments as have been made by him during such last-named period, and charging him with such sums as have been received by him during such period; and that there was in the hands of said administrator on December 31, 1893, belonging to said estate, the sum of nineteen thousand, three hundred and seventy-one dollars, and eighty-one cents ($19,371.81)." From the judgment entered in pursuance of this, and other findings, the administrator appeals.– *Affirmed.*

*Berryhill & Henry* for appellant.

*C. C. & C. L. Nourse* for appellees.

GRANGER, J.—I. Appellant presents two questions for consideration, as follows: "First, as to whether the administrator should be charged with interest upon the money in his hands; and, second, should he receive any compensation, other than the percentage upon the estate allowed by law, being five per cent. for the first $1,000, two and one-half per cent. for the overplus, between $1,000 and $5,000, and one per cent. for the amount over $5,000?" The facts

above found, by the district court, are not questioned, and, hence, we have a case in which the administrator had in his hands, for about twenty years, a large amount of money. By the terms of the will, except as to a few bequests, the money must be retained, for distribution until 1890. This money was in no way invested for the benefit of the estate, but it was, as found by the district court, used by the administrator, in his private business. The district court held, under this state of facts, that interest, at the rate of six per cent., should be paid, and we will notice the reasons urged, why the holding should be disturbed.

II. It is said that the will itself did not direct that the funds should be invested. Nor did it direct otherwise. The testator might well suppose a plain requirement of the law would be observed. It did require that the estate should be converted into money as soon as practicable, which was done. It then provided, in effect, that most of the money should be held by the administrator until 1890, before distribution. The law determines that such funds shall be invested, if it can be prudently done in the interest of the estate. The rule seems to be well stated in *Perkins Estate v. Holister*, 59 Vt. 348 (7 Atl. Rep. 605), as follows: "It is a fundamental principle that it is the duty of a trustee, whether an executor or administrator or guardian, or as in the case of an ordinary nature of trusteeship, to keep the trust funds separate from all other funds, and also, when they are not to be primarily paid over, to keep them securely invested, and as profitably as he can, in the exercise of that degree of prudence which a prudent man would exercise in regard to his own funds; and that he shall derive to himself no gain or advantage by use of the trust funds; and that he shall neither make nor lose by his management of the

funds, and for his lawful management thereof he shall receive a reasonable compensation." It is not an unreasonable rule, that requires an administrator to do with such a fund, what a reasonably prudent man would do with his own money under the same circumstances. No prudent man would have held that money for all those years without investment if the way was open to do so with profit. The testimony shows that, during most of the time while the administrator had this money, it was worth ten per cent. per annum, and at no time less than eight per cent.

It is said that the general monetary situation, excused the administrator from depositing the money in banks. There was nothing to require such a deposit. If the record showed a reasonable effort to invest it, and a failure, because it could not be safely done, the situation would be different. No such effort was made, and, it appears, from the record, that, during all the time, the money could have been loaned safely, and with a profit greater than six per cent., to the estate. It is plainly apparent, that the administrator desired it for his own use, and the money was so employed. *Schieffelin v. Stewart*, 1 Johns. Ch. 620, supports a rule, as follows: "An executor, administrator, or trustee, is not allowed to make any gain, profit, or advantage, from the use of the trust funds. If he negligently suffer the trust money to lie idle, he is chargeable with interest. If he converts the trust moneys to his own use, or employs them in his business, or trade, he is chargeable with compound interest." See, also, *Bond v. Lockwood*, 33 Ill. 212; *Merrifield v. Longniere*, 66 Cal. 180 (4 Pac. Rep. 1176); *Hook v. Payne*, 14 Wall. 252; *Eliott v. Sparrell*, 114 Mass. 404; *Lommen v. Tobiason*, 52 Iowa, 665 (3 N. W. Rep. 715). It is said that the reports, filed from time to time, showed that he was not investing the money. Without saying, that such facts would excuse a failure to

exercise proper diligence to invest the money, it is sufficient to say that the reports do not show that he was using the money, for which reason, under all the authorities, he would be chargeable with interest. The same considerations apply to a claim, that the parties knew that the funds were not being invested. If they even knew he was using them, it would reasonably be expected that he would pay for the use.

It is said that the child might have died before reaching its majority, in which case a distribution would have been required, for which reason the administrator is excused for not investing the funds. The will fixed the time for distribution, when he attained his majority. It was the duty of the administrator to be guided by that provision, in which case the law would excuse him for not being prepared to meet an emergency, not contemplated by the testator. While, of course, such a death might occur, there was no such expectancy of it, as that it should in any way influence his course in the administration of the estate. The case is a remarkably clear one, authorizing the allowance of interest.

III. It is thought that the administrator is entitled to compensation other than that allowed by law, for his services, and especially so, if he is to be charged with interest on funds not invested. He received on account of the personal estate, four hundred dollars, that being the percentage prescribed, and also commissions on the sale of real estate; so that, in all, his compensation allowed is over seven hundred dollars. Had the estate been settled in the usual time for collecting and paying it over, he would have been entitled to the same compensation. The statute provides for extra compensation for actual, necessary, and extraordinary expenses or services. Code, section 2495. Services may be out of the ordinary class, either as to the kind

or amount. The services in this case covered an unusual period of time because of the provisions of the will. The record shows receipts and expenditures extending over the whole period of the time. Such a service, because of the length of time it was continued, may be said to be extraordinary.

The authorities are quite uniform to the effect that, where such an officer uses funds for his own benefit, he may be charged with interest with annual rests. The authorities cited, *supra*, are to that effect. Notwithstanding this rule, the district court declined to allow interest with such rests, but allowed simple interest, and we assume that it took into consideration the facts of such service.

The legatees appeal also, and present the question of their right to interest with annual rests. In view of the situation, we are not disposed to disturb the judgment below, regarding it as approximating, as near as may be, substantial justice between the parties. The judgment is on both appeals AFFIRMED.