JOHN O. RINGSTAD v. DANIEL M. HANSON, Appellant.

**Minors:** SERVICE OF PROCESS: SUFFICIENCY OF RETURN. Service of process upon a minor does not require that a copy of the petition in the action be served upon him; and the return of service is not fatally defective because failing to state that the minor was over fourteen years of age, where that fact is conclusively established by the evidence upon the trial.

**Guardianship of minor's property:** STATUTES. Independently of statute a parent had no authority to assume possession or exercise control over his minor's property; and at common law guardianship extended only to the person of the child. But sections 2241 and 2243 of the Code of 1873, providing that parents shall be the natural guardians of their children, and that a minor having property not derived from either parent must have a guardian appointed to manage the same, clearly imply that if the property is derived from a parent then the parent as the natural guardian of the minor can manage it. Thus, as in this case, tax deeds procured by the father for his son were within the meaning of the statute derived from the parent and he was entitled to manage the land.

**Same:** MORTGAGE OF MINOR'S PROPERTY: FORECLOSURE: RIGHTS OF MINOR. In this action to foreclose a mortgage by a minor executed by his father as natural guardian pursuant to an order of court made upon formal application, to which the minor over fourteen years of age was made a party, the guardian *ad litem* filed a general denial but failed to call the court's attention to the fact that the mortgage was executed by the natural guardian.

*Held,* that the court had jurisdiction to enter the judgment of foreclosure and even though erroneous it was not void or subject to collateral attack, and the remedy, if any, by the minor was an application for its modification or vacation within one year after attaining his majority.

**Same.** Although the guardian, *ad litem* in this foreclosure action failed to call the court's attention to the fact that the mortgage was executed by the father as natural guardian without an approval by the court or the giving of a bond, which might have been ascertained on slight investigation, such omission did not amount to a constructive fraud nor affect the purchaser's title to

the property at the foreclosure sale, as the proceedings were adversary and such omission was not due to any act of the mortgagee.

*Appeal from Hamilton District Court.*—HON. CHAS. E. ALBROOK, Judge.

TUESDAY, MARCH 7, 1911.

ACTION to quiet title to forty acres of land resulted in a decree as prayed. The defendant appeals.—*Affirmed.*

*G. D. Thompson* and *D. C. Chase,* for appellant.

*Boeye & Henderson,* for appellee.

LADD, J.—The plat of the abandoned town site of Callanan was not vacated. Many of the lots were sold for taxes. Hans D. Hanson caused tax deeds to be executed by the treasurer of Hamilton County to his minor son, the defendant. The lots so deeded constituted about twenty-seven acres of the forty-acre tract to which plaintiff sought to have title quieted in himself. In January, 1892, Hans D. Hanson made a written application to the district court for authority to borrow $300 and execute a mortgage securing the same on the lots mentioned, alleging that he was the father and natural guardian of defendant, and that said lots would be made more valuable by the purchase of others nearby those owned by his son, more useful for agricultural purposes, and that more improvements were necessary to render the land productive. Notice was served on the minor, a guardian ad litem appointed, who answered, and a decree entered, directing the execution of the mortgage as prayed. In pursuance of this decree, he executed the mortgage attaching thereto his name, with "Guardian of Daniel M. Hanson" annexed. Foreclosure proceedings subsequently were begun on said mortgage,

the minor·being duly served with notice thereof and guardian ad litem appointed to defend, who filed answer, and on September 18, 1894, a decree of foreclosure was entered. Special execution was issued, the premises were sold, and a sheriff's deed executed to the mortgagee December 5, 1895. An action in forcible entry and detainer was instituted, and defendant and his father, Hans N. Hanson, were ejected from the premises; the plaintiff herein taking possession immediately under a quitclaim deed from the grantee in the sheriff's deed. The deed to plaintiff appears to have been lost and another executed in its place in April, 1900. The plaintiff has been in possession since.

I.  In the proceedings under which the mortgage was executed no bond was exacted or executed, and the mortgage was not approved by the court. Whether notice of the application was served on defendant was in issue. There was a return of service sworn to before the district judge on file. The decree expressly found that there was service. Hans D. Hanson testified that no papers were served upon his son, but mentioned no circumstances indicating that he must have known had this been done. Defendant testified that no papers were served on him in Webster City, but this might be so and the original notice have been served, as indicated by the return. The evidence was not such as to overcome the finding of the court based on the sworn return of service.

1. MINORS: service of process: sufficiency of return.

Nor is there anything in the suggestion that defendant was not duly served with notice of the pendency of the foreclosure proceedings. The statute did not require a copy of the petition to be served on him, as contended, and though the sheriff's return did not recite that he was over fourteen years of age, the evidence established this conclusively. Service on a minor over fourteen years of age is sufficient (section 3533, Code), and the statute pre-

scribing what the return of service shall disclose does not exact any statement of the age of the person served. Section 3519, Code.

II. Hans D. Hanson was never appointed guardian by order of court, and independent of statute had no authority to assume possession or exercise control over his son's property. At the common law guardianship extended to the person of the child only, and not to his property real or personal. *Williams v. Cleaveland*, 76 Conn. 426 (56 Atl. 850); *Linton v. Walker*, 8 Fla. 144 (71 Am. Dec. 105); *Fonda v. Van Horne*, 15 Wend. (N. Y.) 631 (30 Am. Dec. 77); *Haynie v. Hall*, 5 Hump. (Tenn.) 290 (42 Am. Dec. 427). See *Shanks v. Seamonds*, 24 Iowa, 131; *Jones v. Jones*, 46 Iowa, 466. Decisions by the Kentucky Supreme Court are sometimes cited to the contrary. See *Curle v. Curle*, 9 T. B. Mon. 309; *Forsyth v. Kreakbaum*, 7 T. B. Mon. 97; *Kenningham v. McLaughlin*, 3 T. B. Mon. 30. But an examination of the opinion in these cases discloses that the court in each held sales of the ward's property by the natural guardian void. It seems that under the civil law the natural tutrix might take possession and even dispose of it. *Hoggatt v. Morancy*, 10 La. Ann. 169; *Fisk v. Fisk*, 2 La. Ann. 71; 21 Cyc. 14. Section 2241 of the Code of 1873 declared parents the natural guardians of their children, and section 2243 provided that "if the minor has property not derived from either parent, a guardian must be appointed to manage such property." The clear implication therefrom is that if property was so derived, the natural guardian might manage it. Here the tax deeds were procured by the father for his son, and within the meaning of this statute were "derived" from the parent. The thought in leaving property so derived under the management of the natural guardian was that, having conferred the benefit, he would likely conserve it by preserving the property for the ward's use. There seems no

2. GUARDIAN-SHIP OF MINOR'S PROPERTY: statutes.

ground for limiting the meaning of "derived" to "descent" or "transmission," as suggester by defendant, for in that event the statute would only apply upon the decease of one of his parents. Property having its source and origin in the parents, as well as that descended from or possibly through them, was intended. The natural guardian then was entitled to manage this land. In doing so, might he, by authority of the court obtained by formal application, to which the ward was made a party and represented by guardian *ad litem*, duly appointed, answer filed, incumber the land? He did so with such approval of the court, and, without determining whether the court erred in so ordering (the statute having been changed), it is enough to say that the proposition was fairly debatable, and there would seem to be no ground for imputing to the guardian ad litem in the subsequent proceedings to foreclose the mortgage a fraudulent motive in not expressly directing the court's attention to the circumstance that the mortgage was executed by the natural guardian, especially in view of the circumstance that this appeared on the face of the mortgage.

In the foreclosure proceedings an answer, being a general denial, was filed by the guardian ad litem. So the court had jurisdiction over the person of defendant and the subject-matter, and in the exercise thereof might enter judgment. This may have been erroneous, but it was not void, and his remedy, if any he had, was by applying for its modification or vacation within one year after attaining his majority. Section 4091, Code. *Dahms v. Alston*, 72 Iowa, 411. In that case a mortgage, executed by a guardian without the approval of the court, was subsequently foreclosed, a sheriff's deed executed in pursuance of a sale under the decree, and it was held that, after the lapse of one year from reaching majority, the ward could not question the judgment, and that it was conclusive of all mat-

3. SAME: mortgage of minor's property: foreclosure: rights of minor.

ters which might have been pleaded in defense of the action in which rendered. See, also, *Dohms v. Mann,* 76 Iowa, 723; *Sigmond v. Bebber,* 104 Iowa, 431.

Defendant contends that as the petition in the foreclosure proceedings showed on its face that the mortgage had been given by a natural guardian, and upon slight investigation the guardian ad litem might have ascertained that the execution of the mortgage was without the approval of court or giving of a bond, his omission to direct attention to these defects by answer was a constructive fraud. If all this were true, the plaintiff in the action would be in no wise implicated, and as the proceedings were adversary, the decree and sale thereunder ought not to be set aside owing to the fault of the unsuccessful party. It was the duty of the guardian ad litem to make full defense (*In re Guardianship of Kimble,* 127 Iowa, 665), but if he fell short of performing his duty, this was not due to any indirection on the part of plaintiff in the action. Moreover, it would be going too far to say that in failing to challenge the validity of the solemn judgment of the court directing the execution of the mortgage by the natural guardian, especially in view of the statute quoted, the guardian ad litem was guilty even of constructive fraud. If it were so held, nearly every lapse in the performance of his duty might be denominated a fraud, and there would be no finality in litigation in which infants are parties. The case is readily distinguishable from *Parsons v. Balson,* 129 Wis. 311 (109 N. W. 136), for in that the guardian ad litem interposed no defense to the probate of a will which had been revoked by destruction. On the contrary, he seems to have admitted it to have been the last testament. The estate had not been settled, and the court set aside the order admitting the will to probate on the ground that the guardian ad litem, in omitting to direct the court's attention to the facts, was

<div style="margin-left:1em;">4. SAME.</div>

guilty of constructive fraud on the infant. This must have been on the theory that the proceedings were not strictly adversary in character, for the decision would not seem tenable on any other. Even then, it is to be said that the authorities cited in the opinion do not lend support to the conclusion. In any event, the doctrine of that decision can not be extended to an action like that at bar.

Exception is taken to proof of title by plaintiff in that he failed to introduce in evidence a plat of Callanan. The defect, if any, was cured by its introduction by defendant. Though plaintiff has been in possession about fourteen years, seven of these since defendant attained his majority, it is unnecessary to determine the issue as to adverse possession.—*Affirmed.*