IN RE ESTATE OF WILLIAM LACKIE.

LIZZIE LACKIE et al., Appellees, v. S. E. EMMERT, Executor, Appellant.

**EXECUTORS AND ADMINISTRATORS:** Management of Estate—
1   Allowance of Interest Against Executor.  The district court has jurisdiction, upon exception to the executor's report, to make allowance of interest in favor of a legatee against the executor.

**EXECUTORS AND ADMINISTRATORS:** Management of Estate—
2   Interest on Funds.  Where a will directs that money be paid from time to time to legatees, interest may, in response to a demand made by the legatee, be charged against the executor on funds which he has in his hands, and which he retains by means of a false denial of their payment to him.

**EXECUTORS AND ADMINISTRATORS:** Management of Estate—
3   Interest on Funds—Receipt without Claim of Interest—Res Adjudicata.  Where a widow, making demand for the funds due her under a will, alleged that the executor had collected certain funds, but made no mention of interest, her acceptance of the amount ordered by the court to be paid her by the executor did not conclude her from making a claim for interest, nor act as *res adjudicata* thereon, as she was not required to combine the claim for money due with the claim for interest.

**EXECUTORS AND ADMINISTRATORS:** Management of Estate—
4   Mistakes in Settlement—Correction—Interest on Funds.  Under Section 3398, Code, 1897, mistakes in settlement of the accounts of an executor may be corrected at any time before the final settlement and discharge, and no adjudication was worked as to interest where the legatee asked for the payment of money in the hands of the executor, but asked for no interest.

**EXECUTORS AND ADMINISTRATORS:** Management of Estate—
5   Order to Hold Funds—Interest—Discretion of Court.  An order of the court directing an executor to hold in his possession, until a certain time, property of legatees, was not a direction that he was to hold it in his own bank without interest; and as long as he could have placed it in another bank that would allow interest, if his own bank would not, the court could, in its discretion, find that he should have made some income on the property, and charge him with interest thereon.

**EXECUTORS AND ADMINISTRATORS:** Management of Estate—
6   Interest on Funds—Non-Application of Legatees for Investment.  The executor was properly charged with interest on funds, over his objection that the legatees were advised of the condition of the estate by reports, and made no application for payment or for investment of funds.

**APPEAL AND ERROR:** Assignment of Error—Briefs—Failure to
7   Assign Error—Abandonment of Cross-Appeal. Where, on cross-
appeal, there is no assignment of error relied on for reversal, and
no brief filed, a cross-appeal will be held to have been abandoned.

*Appeal from Polk District Court.*—HUBERT UTTERBACK,
Judge.

APRIL 12, 1919.

THE ultimate question is whether error was committed
in charging an executor with interest on funds in his hands
belonging to legatees.—*Affirmed.*

*Dale & Harvison,* for appellant.

*M. E. Van Laningham,* and *J. E. Holmes,* for appellees.

SALINGER, J.—I.   The order that the executor pay in-
terest was made in a proceeding in probate, and in ruling on
exceptions to the executor's report.   And appellant contends
that the court was without jurisdiction to
make an allowance of interest upon any ap-
plication in probate, and, at all events, had
no power to make such allowance by means
of decision upon exceptions to the report of
an executor.

1. EXECUTORS AND
ADMINISTRA-
TORS: manage-
ment of estate:
allowance of
interest against
executor.

We are unable to see how *Huey v. Huey,* 26 Iowa 525,
cited by appellant in support of this proposition, in any
way sustains it.   As to *In re Estate of Brown,* 113 Iowa 351,
also relied upon, it may be assumed that the partial quota-
tion from the case tends to sustain the claim of the appel-
lant.   But on an analysis, the decision in *Brown's* case coun-
ters the point, rather than sustains it.   In that case, this
court did precisely what appellant claims the district court
had no jurisdiction to do.   For, in a probate proceeding
arising upon exceptions, the Supreme Court ordered an al-
lowance of interest.   The opinion as a whole makes it mani-
fest it was not intended to hold that the probate court lacks

jurisdiction to allow interest on funds in the hands of an executor, nor that it lacks jurisdiction because the claim for interest is made through exceptions to the report of the executor. We cannot sustain this assignment.

II. No one will deny that, under the conditions stated in the second proposition urged by appellant, it would be error to allow interest. Many conditions may readily be conceived wherein such an allowance would be erroneous. But the question we have is

2. EXECUTORS AND ADMINISTRATORS: management of estate: interest on funds.

whether it was error to make the allowance under the facts presented by this record. Of course, it is true that an executor is not ordinarily liable for interest on money in his hands. See *Dorris v. Miller*, 105 Iowa 564. But in so holding, the *Dorris* case declares that, if the executor has made actual use of the funds, or delayed paying the balances in his hands, after demand, or retains the money in his hands unemployed, without any just reason or excuse therefor, and when it should be invested or paid over, he is chargeable with interest. Now, the will provides that, as to the wife, half the estate shall be paid to her "from time to time," as it shall come into the hands of the executor. At this point, it is in order to consider with the second proposition a contention made in the third proposition. That is, in effect, a claim that, where a will directs payment from time to time, this gives the executor unqualified authority to declare when the time of payment shall be. It appears that, prior to November, 1914, the executor had possession of certain notes owed the estate by one Yetter, which were due on March 1, 1915, and that Yetter paid them before maturity, and before the 5th of November, 1914. It is the fair effect of further testimony that, on·that day, the widow inquired of the executor whether the Yetter loan had been paid, and that he falsely denied that it had been. We are of opinion that, though the will directs that moneys be paid to the widow from time to time,

interest may be charged the executor where he has funds in his hands and, in response to a demand therefor by the legatee, retains the money by means of a false denial that it has been paid to him.

III. William Lackie died testate on April 24, 1913. As seen, the widow made demand for funds due her under the will, and did this on November 5, 1914, and was then told that the money had not yet been collected.

3. EXECUTORS AND ADMINISTRATORS: management of estate: interest on funds: receipt without claim of interest: *res adjudicata.*

Thereafter, on December 4, 1914, she made application to the district court, alleging that, on the 22d of August, 1914, the executor had collected certain notes, to the amount of $15,560. The prayer was that he be ordered to pay to her her share of that money due her under the provisions of the will. This application made no. mention of interest, and, on the 19th of December, 1914, the court ordered the executor to pay the widow the sum of $7,000. It is now urged upon us that this order fixed the amount then payable to the widow, and that, as she acquiesced therein, and accepted what was granted, the order is conclusive upon her, and operates as *res adjudicata* in this proceeding, and that, therefore, she cannot subsequently ask that said order be reviewed, and interest allowed her on said amount.

The first answer is that nothing which does not legitimately arise for decision is settled by a decision. The application charged the collection of $15,560. The will entitled the widow to half of this. Allowing her $7,000 can be explained only upon one of two theories: either that not so much as $15,560 had been in fact collected, or that a part of what was collected was not given the widow, because it was thought necessary to retain a part for purposes of administration. The claim tendered by the widow was that she have an order to pay what was due her in any view. Whether interest was due by reason of the retention on part of the

executor is a matter between the legatee and the executor, arising upon his default or malfeasance. The right to have half of the money in his hands was given by the will. There was no compulsion to combine the two claims. That alone is a perfect answer to the claim that allowing the widow the half claimed by her, and given her by the will, operated as an adjudication that she was not entitled to interest because of unlawful retention of her money on part of the executor. A second and equally conclusive answer is that, under Section 3398 of the Code, mistakes in settlement may be corrected in the probate court at any time before final settlement and discharge.

4. Executors and Administrators: management of estate: mistakes in settlement: correction: interest on funds.

We hold, first, that, because of said statute, no adjudication was effected. We hold further that no adjudication was worked for the following reason: Since, at the time when the earlier application was made, the will entitled the widow to half of the amount collected, the fact that she did not combine with her claim for this half a claim that she be allowed interest because the executor had improperly detained that half, does not estop her to maintain her present application for an allowance of interest. One who has two enforcible rights and has one of them passed upon does not lose the right to proceed upon the second right because she failed to assert it when she presented the other right for judicial action.

IV. While it is true this executor was directed to hold in his possession the property of the six legatees until the first day of March, 1916, it does not follow that this is a direction to hold the same in his bank until the first day of March, 1916. And the court evidently thought he was under some obligation from the time he received the money until it should have been paid out, to make some income on it. He knew pre-

5. Executors and Administrators: management of estate: order to hold funds: interest: discretion of court.

cisely the time when he could and would be required to pay the same out. If his bank did not want the money, other banks equally responsible might be willing to use it and pay interest. The court had some discretion about the matter, and we find nothing to justify our interfering with that discretion. See *In re Estate of Gloyd,* 93 Iowa 303; *In re Estate of Young,* 97 Iowa 218.

V. Proposition 6 is that the widow and other legatees were properly advised of the condition of the estate by reports, and that, in the absence of application made to the court for an order either for payment to widow or legatees, or for investment of the funds, the executor is not chargeable with interest on the funds in his hands. We think that what has already been said disposes of this point.

**6. EXECUTORS AND ADMINISTRATORS: management of estate: interest on funds: nonapplication of legatees for investment.**

VI. A cross-appeal was perfected by some of the appellees. We find no assignment of errors relied on for reversal nor brief points on the cross-appeal. Everything indicates the same has been abandoned, and we so hold.—*Affirmed on both appeals.*

**7. APPEAL AND ERROR: assignment of error: briefs: failure to assign error: abandonment of cross-appeal.**

LADD, C. J., EVANS and PRESTON, JJ., concur.