ALEXANDER J. IRWIN, Appellee, v. KEOKUK SAVINGS BANK & TRUST COMPANY, Executor, Appellant.

No. 42515.

June 23, 1934.

Rehearing Denied September 20, 1934.

G. L. Norman and Burrows & Burrows, for appellant.

B. F. Jones and Hollingsworth & Hollingsworth, for appellee.

Stevens, J.— Alexander E. Johnstone died testate on or about February 27, 1920, in Lee county, Iowa, possessed of property, real and personal, of the aggregate value of approximately $260,000. Among the bequests made by him was one of $5,000 to the appellee, who is a grandson and namesake, then a minor about nine years of age. The appellant duly qualified as executor on March 9th following. On April 21, 1921, appellant filed a report, including therein an application to the court for authority and permission to pay the bequest of $5,000 to appellee by the transfer to his father of a note and trust deed to some lands in Missouri for an equal amount. Time for hearing on the report was fixed by the probate court, the order providing for notice by posting on the bulletin board in the front hall of the Lee county district courthouse. The notice, which was duly posted, made no reference to the application for distribution of the note and trust deed to the parents of appellee in substitution of the cash bequest. Service was, however, accepted thereon by appellee's mother. The notice thus served upon her was accompanied by a copy of the executor's report. Upon hearing, the executor was, in general terms, authorized to transfer the

note and trust deed to the Missouri property to the father as natural guardian of appellee in payment of the cash bequest. No guardian has ever been appointed for appellee and no one having authority to do so appeared for him in the hearing. He attained his majority on September 17, 1931, and on the following day demanded of appellant payment of his legacy. The Missouri property, in the meantime, had yielded an income of $1,905.47, which sum appellee tendered as a credit to appellant, together with a deed to the Missouri land, title to which, by foreclosure of the trust deed, was then in appellee. The record shows at least substantial disbursement of all funds coming into the possession of appellant. The notice of disaffirmance by appellee of the arrangement had between the executor and appellee's father was served on the earliest possible date after attaining his majority.

The court found in favor of appellee and judgment was entered against appellant for the full amount of the bequest, plus interest at the rate of 6 per cent after allowing credit thereon for the amount of the net income received by appellee's father from the Missouri property. The order and judgment of the court also requires appellee to convey the Missouri property to appellant by quitclaim deed.

It appears from the record that the testator succeeding his father in a like position was long associated in business as a stockholder of the appellant bank and in his will gave expression to his confidence therein and particularly in one of its officers. The record contains no evidence of bad faith on the part of the executor and, at the time of the transaction complained of, the note, secured by the trust deed, was worth its face. The depreciation in land values, which necessitated the foreclosure of the trust deed, is attributable to the prevailing depression.

Appellant, for defense, relies upon the order of the probate court authorizing the substitution by the executor of the note and trust deed for the cash bequest. The judge of the probate court, who made the order of substitution, called as a witness, testified that nothing was said in the hearing about the cash bequest.

It would seem to be almost too obvious for discussion that the natural guardian of appellee was wholly without authority to receive payment of the legacy either in cash or its full equivalent in property. This being true, the probate court which acted without the appearance of a guardian or guardian ad litem was wholly with-

out authority to authorize the executor to substitute the note and trust deed for cash. No authorities are cited to the contrary by appellant, and those cited offer no aid at this point.

Reliance upon the general power and authority of the probate court to direct and control the executor in the administration of the estate is not sufficient. It is true, as claimed by appellant, that the executor is the officer of the court and in all matters coming within the proper, legal administration of the estate, is bound to observe and obey the orders thereof. Authorities need not be cited at this point.

No application was made by appellee to set aside the order relied upon before the commencement of this action. This failure is to some extent relied upon by appellant. The order being wholly void, it was, under familiar rules of law, subject to attack without having been first set aside.

Minors who are unable to act for themselves may not be legally deprived of legacies or the property of an estate to which they are heirs without representation in judicial proceedings by a legally appointed guardian or a guardian ad litem. It is not sufficient that, upon the giving of notice by the executor, all parties interested in the estate from that time forward are to be deemed to be in court for the purpose of the settlement of estates. The gift of the testator to appellee became effective immediately upon the probation of the will. Buchanan v. Hunter, 166 Iowa 663, 148 N. W. 881. Distribution thereof could only be made to the beneficiary if an adult or to a minor by payment to a legally appointed guardian of his property. The parent as natural guardian has no authority to act in the place thereof. Sections 12573 and 12575, Code 1931; Jones v. Jones, 46 Iowa 466; Shanks v. Seamonds & Campbell, 24 Iowa 131, 92 Am. Dec. 465; Ringstad v. Hanson, 150 Iowa 324, 130 N. W. 145.

The right of a minor to disaffirm or repudiate a wholly unauthorized transaction, such as the one involved in this action, is well settled. Jenkins v. Jenkins, 12 Iowa 195; Leacox v. Griffith, 76 Iowa 89, 40 N. W. 109. But one conclusion can be reached in this case, and it is that neither the order of court in the premises nor the transaction with the father in an attempt to carry the same out was binding upon appellee and his right to maintain this proceeding is beyond question.

II. As stated above, the court entered judgment for interest at the rate of 6 per cent, less the deduction of the net income

received by the father which appellee tendered in his petition. This action of the court is assigned by appellant as error. The proposition is not wholly without difficulty. The executor made no profit out of the transactions. If interest was allowable on the sum due as against the executor, it was by the court permitted to profit to the extent of the net income from the property. The fact that the executor did not profit by the transaction is a matter, under some circumstances, to be taken into consideration. In re Gloyd's Estate, 93 Iowa 303, 61 N. W. 975; In re Young's Estate, 97 Iowa 218, 66 N. W. 163; Dorris v. Miller, 105 Iowa 564, 75 N. W. 482; In re Evans' Estate, 212 Iowa 1, 232 N. W. 72. Ordinarily, however, the executor having funds in his possession is chargeable with interest at least from one year after testator's death. Buchanan v. Hunter, supra; In re Estate of Lackie, 185 Iowa 1101, 171 N. W. 679; Dorris v. Miller, supra.

Had the bequest been promptly paid by appellant to a legally appointed guardian, it could have been conserved and invested under the orders of the court and made to yield an income in the form of interest or as income from property. Whether such income in the present instance would have amounted to 6 per cent, no one can now definitely determine. One thing always to be kept in mind in dealing with the funds of minors is the best interest of such minor. The original act of substituting the note and trust deed for the cash bequest and the delivery thereof to his father for the use and benefit of appellee cannot be given sanction at law. To establish a rule upon such theory, which would enable appellant to avoid liability in this action, would be to violate the universally accepted duty of courts to conserve and protect the welfare and interests of minors. The court in its judgment set aside the previous order authorizing the settlement and held that appellee was entitled to disaffirm and repudiate the transaction and to a judgment for the amount of the bequest, together with interest, as already stated. This conclusion is in harmony with the law and the facts.—Affirmed.

All Justices concur.