3,647.

GEORGE BATES, *exr.*, APPELLANT, *v.* JOSEPHINE RYBERG *et al.*, RE-
SPONDENTS.

ESTATES OF DECEASED PERSONS, RIGHT OF APPEAL.—The heirs and devisees
or legatees of an estate, are made parties to the proceedings for a distri-
bution, and any one of them feeling aggrieved may appeal from the
final order.

IDEM.—EXECUTOR.—The executor of an estate cannot maintain an appeal
from a final order of distribution, upon the grounds that the property
was improperly divided between the legatees.

APPEAL from the Probate Court of the City and County of
San Francisco.

The facts are sufficiently stated in the opinion.

*Hoyt* and *Sears*, for Appellant.

*Van Dyke* and *Lowey*, for Respondents.

If any of the legatees believe themselves entitled to more
than the decree gives them, they alone are the "*parties ag-
grieved*," *against* whom the order of distribution of this es-

tate has been entered, and they alone are the parties entitled to appeal under Sec. 335 of the Civil Practice Act.

The executor, as such, can have no individual preference (which would entitle him to an appeal,) as to the *manner* in which the Court distributes the balance in the hands of the executor. Until delivery of the estate to the distributees, he is still the trustee of the *whole* estate, and cannot take sides with one set of legatees in hostility to another set.

The legal title to the personal estate vests without distribution in the distributee, in the same way and manner that the real estate descends to the heir. *Hall* v. *Hull*, 27 Miss. 458; *Anderson* v. *Brumfield*, 32 Miss. 107; *Beckett, et al.* v. *Selover*, 7 Cal. 215.)

*Hoyt and Leon,* for Appellant, *in reply.*

The appeal of the executor should not be dismissed, because the Probate Act gives the executor the right of appeal in all cases. (Sec. 298.)

Upon a correct construction of the will, there remains to the estate of which the executor is a special trustee the sum of more than five hundred dollars ($500).

The executor may petition for the distribution. (Pro. Act, Sec. 258 and 260.)

Why not be permitted to see that the distribution is correct, and to obtain a correct one, by all the ordinary avenues open for that purpose?

In *Pyatt* v. *Brockman* (6 Cal. 418), Brockman was not aggrieved personally; yet the case illustrates both the convenience and necessity of an appeal, as well as the interest of the trustee of such a trust to support one.

While the Practice Act (Sec. 335), gives only the party aggrieved a right to appeal, the Probate Act specially gives the executor such a right, and the interest he has as representative of the deceased will support an appeal.

It is his duty to see that the intention of the testator, as expressed, are correctly carried out. He is trustee for the legatees. (Story Eq. Jur. Sec. 593.)

All parties to the record may appeal.

That the "whole interest in the estate vests in the legatees, etc., subject to the legal title which vests in the executor for the purposes of collecting assets, paying debts, and for distribution," we admit. But one of the purposes for which the title vests in the executor is for distribution —not a good, bad or indifferent distribution, but a legal one.

TEMPLE, J. delivered the opinion of the Court, RHODES, Ch. J., CROCKETT, J., and WALLACE, J., concurring:

Upon the application of the executor, the Probate Court caused the proper notice to be given to all parties interested, and on the return day of the notice proceeded to distribute the estate of the deceased among the legatees named in the will.

The amount distributed is precisely that which, upon final settlement, was found in the hands of the executor, and which, in his petition, he asked to have distributed. There is no complaint that he is required to pay over more than he has, or that the entire estate has not been distributed. All claims against the estate are paid, and the executor does not seem to have any interest whatever in opposing the decree of distribution.

Upon the distribution it was found, however, that the property belonging to the estate was insufficient to pay all the legacies in full, and the executor appeals on the ground that it was improperly divided between the legatees. The only matter complained of is that some of the legatees are paid more than they ought to have received, while others received less than they were entitled to by the terms of the will.

The heirs and devisees or legatees interested in an estate are made parties to the proceedings for a distribution ; any one of them feeling aggrieved may appeal from the final order. The executor, however, does not represent any of these parties, as against the others, and if they are satisfied with the distribution he cannot complain because some have

received less than they are entitled to. He cannot litigate the claims of one set of legatees as against the others at the expense of the estate.

The appeal must be dismissed.

So ordered.