[No. 4,105.]

IN THE MATTER OF THE ESTATE OF STEPHEN A. WRIGHT.

DISTRIBUTION OF AN ESTATE.—An executor, as such, has no interest in the question, as to how the estate in his hands is distributed, and cannot maintain an appeal from an order of distribution made by the Probate Court, on the ground that the order distributes to one party too large a portion.

APPEAL from the Probate Court, City and County of San Francisco.

On the 9th day of April, 1870, Stephen A. Wright made his last will, by which he devised all his property to Matilda A. Wright, an infant daughter, ten years of age, and gave the use and income arising from his property to Ada E. Wright, his widow, until said Matilda should arrive at the age of eighteen years, and then said Matilda was to have all the property in her own right. S. F. Reynolds was nominated sole executor in the will. The testator soon after died, and the will was probated on the 14th day of October, 1870, and letters testamentary were issued. The testator made no mention in the will of any children, except said Matilda. On the 28th of February, 1872, Ada E. Wright, the widow and guardian of said Matilda, petitioned the Probate Court for a partial distribution of the estate. On the hearing of the petition, it appeared that the executor had presented his annual account, on the 11th day of December, 1871, and that there was in his hands the

sum of $4,000 ready for distribution, and that there were no debts due from the estate. The Court ordered the said $4,000 to be distributed to said Matilda, by paying it to her guardian. The estate having been settled, the said Ada E. Wright presented a petition, on the 4th day of February, 1873, asking that the estate in the hands of the executor "be distributed according to law, to your petitioner and said Matilda Atmore Wright, according to the provisions and terms of said will." On the day fixed for hearing the petition, Silas Wright, George W. Wright, Frances C. Wright, and Susan A. Wright, children of the testator, and Georgiana A. Wright, only surviving child of Atmore R. Wright, a deceased son of the testator, presented a petition, setting forth that they were heirs, and each of them entitled to distributive shares and proportions of the estate, and asking that their respective shares be awarded to them. The Court distributed one half of the entire property to the widow, and the remaining one half to the children and grand child, in equal proportions. The executor appealed and assigned for error that the estate should have been distributed as provided in the will.

*L. Reynolds*, for the Appellant.

*J. D. Stevenson*, for the Respondent.

By the Court, RHODES, J.:

The Court below ordered that a certain portion of the estate be distributed to the widow and heirs of the deceased; and, subsequently, denied the executor's motion for a new trial. From these orders the executor alone appeals. The executor does not object to the order on the ground that the amount ordered to be distributed is too large, but only that it is not properly distributed—that the order allots to one party too large a portion. The executor is not interested in that question; and *Bates* v. *Ryberg* (40 Cal. 463), is clear authority that he cannot maintain an appeal on that ground.

Orders affirmed.    Remittitur forthwith.