[No. 13539. In Bank. — March 10, 1890.]

ISAAC GOLDTREE ET AL., APPELLANTS, *v.* WILLIAM THOMPSON ET AL., RESPONDENTS.

APPEAL — DISMISSAL — AGGRIEVED PARTIES — TRUSTEES UNDER WILL — ALLOWANCE TO GUARDIAN AD LITEM — COSTS OF LITIGATION. — The trustees appointed under a will, who have sued to obtain for their direction a construction of certain clauses of the will, are not aggrieved by an order of the court allowing the attorney and guardian *ad litem* for the minor heirs a fee for his services, to be paid by the trustees out of any funds in their hands belonging to the estate, and their appeal from such order will be dismissed, upon the ground that they are not aggrieved parties within the meaning of section 938 of the Code of Civil Procedure. Executors, administrators, receivers, and trustees are, in their official capacity, indifferent persons, as between the real parties in interest, and cannot litigate any question which arises only between those parties, nor have they any concern as to who shall bear the costs of litigation.

APPEAL from an order of the Superior Court of San Luis Obispo County fixing the compensation of a guardian *ad litem.*

The facts are stated in the opinion ,of the court.

*J. M. Wilcoxon,* and *W. H. Spencer,* for Appellants.

*William Shipsey,* and *Graves, Turner & Graves,* for Respondents.

PATERSON, J.—The plaintiffs are trustees under the will of Jonathan Thompson, deceased. After the property had been distributed to the trustees by a decree of the proper court, they commenced this action to obtain for their direction a construction of certain clauses of the will. The defendants are the legatees and devisees named in the will. The question upon which the trustees were in doubt was, whether the children of certain parties named in the will were entitled to take the *corpus* of the property which was left in trust, or only the revenue thereof. The case came to this court on appeal from the judgment of the court below, and that judgment was affirmed. (79 Cal. 613.) Several of those to whom the *corpus* of the estate was awarded were minors, and they were represented in the superior and supreme courts by William Shipsey, Esq., guardian *ad litem,* appointed by the superior court. On the return of the *remittitur* to the court below, notice was served upon the plaintiffs and their attorneys, and all defendants not named as minors and their attorneys, that the minor defendants would move the court for an order allowing the guardian *ad litem* and attorney of the minor defendants a reasonable compensation for his services. After a hearing upon the motion, the court made an order allowing said William Shipsey the sum of $250, and directing the amount to be paid by the trustees (plaintiffs herein) out of any funds in their hands belonging to the estate. From

this order the trustees have appealed. Respondent has moved, on several grounds, to dismiss the appeal.

Section 938 of the Code of Civil Procedure provides that "any party aggrieved may appeal." Are the plaintiffs aggrieved by the order of the court allowing the attorney and guardian *ad litem* for the minor heirs a fee for his services?

Executors, administrators, receivers, and trustees are, in their official capacity, indifferent persons, as between the real parties in interest. They are appointed by the court, or by will, and act on behalf of all the parties who claim any interest in the estate. The funds which come into their hands are held *in custodia legis*, to be distributed by the court to those who show themselves entitled to them; and it is their duty to distribute the money coming into their hands as the court shall direct. The trustees herein cannot litigate the claims of one heir against those of another, and it is immaterial to them whether certain devisees take the *corpus* of the residuary estate, or only the income thereof. They have no concern in the question as to who shall bear the costs of litigation, and are not, therefore, aggrieved parties, we think, within the meaning of section 938, *supra*. (*Adams* v. *Woods*, 8 Cal. 315; 68 Am. Dec. 313; *Bates* v. *Ryberg*, 40 Cal. 465; *Estate of Wright*, 49 Cal. 550; *Rosenberg* v. *Frank*, 58 Cal. 420; *Roach* v. *Coffey*, 73 Cal. 282.)

Appeal dismissed.

SHARPSTEIN, J., FOX, J., MCFARLAND, J., THORNTON, J., and BEATTY, C. J., concurred.