## IN RE DEWAR'S ESTATE.

ADMINISTRATORS—*Probate law—Appeals.*—It is no objection to an appeal taken by an administrator, both from an order of the District Court sustaining objection to a final account and also from an order entering a decree of distribution, that thereby two separate actions have been united in one appeal, as such orders are not actions in a legal sense.

SAME—*Appealable order—Final account.*—An order of the District Court sustaining objections to the final account of an administrator is an appealable order. (*In re McFarland's Estate, post*, p. 445, affirmed.)

SAME—*Appeals.*—An administrator who has no interest in an estate apart from his official character cannot appeal from an order entering a decree of distribution.

*Appeal from First Judicial District, Lewis and Clarke County.*

On motion to dismiss the appeal.

*McConnell & Clayberg*, for the motion.

*J. W. Kinsley*, contra.

BLAKE, C. J. — This is a motion to dismiss the appeal. The substantial part of the notice thereof is as follows: "Henry C. Yaeger, administrator of the estate of William A. Dewar, deceased, hereby appeals to the Supreme Court of the State of Montana from an order made in the District Court . . . . on the twenty-second day of July, 1890, wherein said court sustained the objections then considered to the administrator's final report herein, and from all subsequent action in said cause, including the decree of distribution made therein on the thirtieth day of July, 1890, and from the whole thereof."

It appears from the transcript that letters of administration were issued to Yaeger, the appellant, in June, 1887, upon the estate of said Dewar, by the Probate Court of Lewis and Clarke County; that his final account as administrator was filed in April, 1889; that the objections of the persons who purchased the interests of the heirs of said estate to the fees claimed by the administrator for his services were overruled by the Probate Court; that they appealed in June, 1889, to the District Court from the order fixing the amount of said fees; that the District Court made, July 22, 1890, the order which is specified in the foregoing notice of appeal, and reversed the decree of the Probate Court concerning said fees, and reduced the same; and that afterwards, upon the thirtieth day of July, 1890, the District Court made and entered the decree of distribution, which is described in the said notice of appeal.

We will review the grounds of the motion which has been submitted. The respondent maintains that two separate actions have been united in one appeal; that the first order which is appealed from was made by the court below in the exercise of its appellate jurisdiction under the laws which governed the Territory of Montana; and that the last-named order was made by the District Court by virtue of its original jurisdiction under the Constitution of the State. This position has been thoroughly examined by the Supreme Court of the State of California, and is untenable. These orders are not treated as actions in the legal sense of the term. "We hold," said the court (*In re Rose*, 80 Cal. 166), "therefore, that upon appeal from an order settling an administrator's account, all the proceedings leading up to it, including the evidence upon which it is based, are open to

review. . . . . The probate jurisdiction of the court is separate and distinct from its jurisdiction in ordinary civil actions." This question received the particular consideration of the court in *Sharon* v. *Sharon*, 68 Cal. 326, which was a case in which learned and eminent counsel were engaged. Mr. Justice Thornton in the opinion said: "As to the notice of the appeals, if such notice is in one and the same paper in which the several appeals are distinctly designated, we cannot see that such notice is insufficient. Nor do we think that the majority of the court intended so to hold in *People* v. *Center*, 61 Cal. 191, inasmuch as such holding would be in conflict with the settled practice and the ruling of this court in all cases in which it has been called on to express any opinion. Some expressions are used in the opinion of the court which appear ambiguous, but there is nothing which indicates that a notice of more than one appeal may not be in one and the same paper, where the matters appealed from are so designated that it can be seen from what the appeal is taken." Among other cases which are cited is *Estate of Pacheco*, 29 Cal. 224, and the court commented thereon as follows: "The court held a notice of appeal from an order of the Probate Court, made September 3, 1864, denying the petition of Penniman and others for the removal of Emeric and refusing to appoint Penniman, and from all orders and decisions made by the court in that behalf on that day, sufficient. It appears that there were two orders appealed from."

The respondents contend that the ruling of the court below in sustaining the objections to the account of the administrator is not appealable. The orders which are complained of were made in the District Court more than eight months after the admission of the State of Montana into the American Union. This important question has been carefully considered in *Re McFarland's Estate*, *post*, page 445, and for the reasons which appear therein we are satisfied that the court can entertain the appeal from the order made July 22, 1890.

It is urged that the administrator was not interested in the estate of the deceased, and cannot appeal from the decree authorizing the distribution of the estate. The authorities support the proposition. The appellant was not an heir of the

deceased, or a purchaser of any part of the estate.  In *Bates* v. *Ryberg*, 40 Cal. 463, the executor appealed from the decree of distribution, and complained that the property of the estate had been improperly divided between the legatees.  The court in the opinion dismissing the appeal said: "The heirs and devisees or legatees interested in an estate are made parties to the proceedings for a distribution; any one of them feeling aggrieved may appeal from the final order.  The executor, however, does not represent any of these parties as against the others, and if they are satisfied with the distribution he cannot complain, because some have received less than they are entitled to."  This case was followed in *Estate of Wright*, 49 Cal. 550.  In *Estate of Marrey*, 65 Cal. 287, it appears that the appellant was the executor of an estate, and also a legatee under the will.  "The Superior Court reduced the amount claimed by appellant.  The appeal was taken by him as 'executor of the last will and testament of Marrey, deceased.'"  The opinion of the court by Mr. Justice McKinstry is in these words: "The appeal of the *executor* from the decree of settlement and distribution must be dismissed.  He cannot in any case litigate the claim of one legatee as against the others at the expense of the estate.  (*Bates* v. *Ryberg*, 40 Cal. 463.)  *A fortiori* when he himself is the legatee whose claim he is attempting to maintain, at the expense of the estate, in his capacity of executor."  In *Merrifield* v. *Longmire*, 66 Cal. 180, the court said: "The appellant may have been interested as an individual in the distribution of the estate, claiming, as he did, to be the assignee of some of the heirs; but *as administrator* he had no interest. It is now well settled in this State, that a decree of distribution will not be reviewed on an appeal by an executor or administrator, where he, as such, has no interest in the matter sought to be reviewed."  In *Goldtree* v. *Thompson*, 83 Cal. 420, the court said: "Executors, administrators, receivers, and trustees are, in their official capacity, indifferent persons, as between the real parties in interest. . . . . The funds which come into their hands are held *in custodia legis*, to be distributed by the court to those who show themselves entitled to them; and it is their duty to distribute the money coming into their hands as the court shall direct."  And it was held that such persons are not aggrieved

parties within the meaning of the statute providing that "any aggrieved party may appeal."

In the case at bar it will be observed by an inspection of the notice of appeal that "Yaeger, administrator of the estate of William A. Dewar, deceased," is the appellant. He has no interest by reason of his official character in the decree of distribution, and his appeal from the order of the court below made July 30, 1890, is hereby dismissed.

The motion to dismiss the appeal from the order of the District Court, made July 22, 1890, is hereby overruled.

HARWOOD, J., and DE WITT, J., concur.