[Sac. No. 2145. In Bank.—August 5, 1915.]

J. H. RICE et al., Executors of the Last Will of J. M. Hood, Respondents, v. GEORGE R. CAREY et al., Appellants.

QUIETING TITLE—EXECUTOR MAY MAINTAIN—PROPERTY NEED NOT BE NECESSARY FOR ADMINISTRATION.—Under section 1582 of the Code of Civil Procedure, an executor may maintain an action to quiet title to land against the adverse claims of one asserting title under a purported deed from the testator, without showing that the property is needed for purposes of administration.

ID.—GRANTEE HAVING INTEREST AS DEVISEE—CONFLICTING CLAIMS OF DEVISEES TO DISTRIBUTIVE SHARES.—The fact that the defendant

in such action is a daughter of the testator, and that if the deed under which she claims is set aside she will have to share the property with other devisees, does not prevent the executor from maintaining such action. That circumstance does not bring the case within the principle of the decisions holding that an executor has in general no interest in the conflicting claims of heirs and devisees as to their distributive rights in the estate.

ID.—DELIVERY OF DEED—EVIDENCE—INCONSISTENT ACTS AND DECLARATIONS OF GRANTOR.—In such action, which involved the question of the sufficiency of the delivery of the deed under which the defendant claimed, evidence is admissible of the acts and declarations of the grantor, after the date of the deed, showing conduct and statements inconsistent with a prior conveyance of the fee by him.

ID.—DELIVERY TO THIRD PERSON—INTENT OF GRANTOR—QUESTION OF FACT.—While a deed may be handed to a third party to be delivered to the grantee named in it at the death of the grantor, such delivery will be held to pass title only if the intention of the grantor is to make such delivery absolute and place it beyond his power thereafter to revoke or control the deed. The intention of the grantor in such cases is a question of fact to be determined by the trial court from a consideration of all the evidence in a given case bearing upon the question.

ID.—FINDING AGAINST DELIVERY—EVIDENCE.—The evidence is held sufficient to sustain the finding that the deed in question had not been delivered, and to warrant the inference that the intent of the grantor necessary to a valid delivery was lacking.

APPEAL from a judgment of the Superior Court of Yolo County.   E. N. Rector, Judge presiding.

The facts are stated in the opinion of the court.

John T. Carey, and Elmer W. Armfield, for Appellants.

Arthur C. Huston, Harry L. Huston, and F. F. Marshall, for Respondents.

SLOSS, J.—The plaintiffs, as executors of the will of J. M. Hood, brought this action to quiet title to a tract of one hundred and sixty acres of land, situated in Yolo County.   The defendants are husband and wife.

The complaint was in two counts.   The first, after setting up the representative character of the plaintiffs, alleged that Hood at the time of his death was the owner and in possession of the property and that the defendants claimed an interest

therein adverse to the interest of the decedent and his estate. The second count alleged that the defendant, Ida Belle Carey, claimed under two alleged deeds of the land made by the decedent to her and averred that the alleged grantor was incompetent to make such deeds· at their respective dates and that they were without consideration and that Hood did not sign, execute, acknowledge, or deliver either of said deeds. The answer denied that Hood was the owner of the land at the time of his death, admitted that the defendants claimed an interest in the land, and set up specifically.that on February 11, 1908, Hood made, executed, and delivered to the defendant, Ida Belle Carey, a good and sufficient deed conveying to her the land in question.

When the case came on for trial the plaintiffs dismissed their second cause of action and went to trial upon the first alone. The court found that the decedent, Hood, at the time of his death was the owner of an undivided two-thirds interest· of the property in question; that the deed referred to in the answer was not signed, executed, acknowledged, subscribed, or delivered by the said Hood to Ida Belle Carey and did not convey any title of any kind or character to said defendant; that said defendant Ida Belle Carey has no right, title, or interest in the property "except such title as she may have as an heir at law or legatee under the last will and testament of J. M. Hood or as an heir at law or legatee under the last will and testament of M. A. Hood.'' Judgment was entered declaring that J. M. Hood was, at the time of his death, the owner of an undivided two-thirds interest in and to the property described in the complaint, that the defendant Ida Belle Carey has no right or title or interest in said real prop-‑ erty, save and except such right, title, or interest as she may have as heir at law or devisee of J. M. Hood or M. A. Hood, that the deed relied on by the defendants was never signed, delivered, or acknowledged by Hood, and that the plaintiffs as executors are entitled to the control and possession of the property. From this judgment the defendants appeal.

The first contention made by the appellants is that the plaintiffs, as executors, cannot maintain an action to recover real property alleged to belong to the estate, except upon a showing that the property is needed for purposes of administration. The claim is without merit. *Murphy*.v. *Clayton,* 114 Cal. 526, [43 Pac. 613, 46 Pac. 460], relied on by the appel-

lant in this regard, has no application to the case before us. In that action the administrator was seeking to recover, for the benefit of creditors, property fraudulently conveyed by the intestate. The statutory provision relied upon was section 1589 of the Code of Civil Procedure, under which the right of the executor or administrator to avoid the fraudulent transfer of the decedent is conditioned upon the existence of a deficiency of assets. The present action, however, is brought under section 1582 of the same code, authorizing executors and administrators to maintain actions for the recovery of property or to quiet title thereto, or to determine any adverse claim thereon, ''in all cases in which the same might have been maintained by . . . their respective testators or intestates.'' Unquestionably Hood could have maintained an action to quiet title against the adverse claims of one who asserted an interest under a purported deed from him. The right of his executors to maintain a like action is, therefore, equally free from doubt. (*Pennie* v. *Hildreth,* 81 Cal. 127, [22 Pac. 398] ; *Collins* v. *O'Laverty,* 136 Cal. 31, [68 Pac. 327].)

The claim that the executors cannot maintain this action for the reason that in so doing they are espousing the cause of one heir against the other is likewise untenable. It appears that Ida Belle Carey is a daughter of Hood, and that if the deed under which she claims is set aside she will have to share the property with other devisees. But this circumstance does not bring the case within the principle of the decisions holding that an ''executor or administrator has in general no such interest in the conflicting claims of heirs and devisees as will warrant his appeal from adjudications fixing their rights, and distributing the estate accordingly.'' (*In re Welch,* 106 Cal. 427, [39 Pac. 805] ; *Bates* v. *Ryberg,* 40 Cal. 463; *Estate of Wright,* 49 Cal. 550; *Estate of Marrey,* 65 Cal. 287, [3 Pac. 896] ; *Roach* v. *Coffey,* 73 Cal. 281, [14 Pac. 840] ; *In re Jessup,* 80 Cal. 625, [22 Pac. 260] ; *In re Sanborn,* 98 Cal. 104, [32 Pac. 865].) The executors are not here attacking any adjudication which determines the respective rights of heirs or devisees. They are endeavoring to bring into their possession as executors and to subject to their administration all of the property owned by the decedent at the time of his death. This it is their duty to do. They are not, as executors, concerned with the distribution of the prop-

erty after administration, but they are certainly authorized, if not required, to bring within the scope of administration all of the property embraced in the trust committed to them.

As we have already stated, Ida Belle Carey, the grantee in the alleged deed, was the daughter of J. M. Hood. On February 11, 1908, the date of the deed, Hood was over eighty years of age. He resided upon the property in question, together with his daughter, Mrs. Carey, and her husband, the codefendant, George R. Carey. The deed in controversy was prepared by George R. Carey. The testimony of Mrs. Carey was to the effect that on February 11, 1908, J. M. Hood, George Mount, together with Mr. and Mrs. Carey and one of their daughters were in a room in the Hood house. Carey wrote out the deeds and read them over. Thereupon Hood, who was illiterate, took the pen and, while Mount steadied his hand, made his mark. The deed was then acknowledged be- fore Carey, who was a justice of the peace. At the same time a similar deed was drawn and signed, purporting to convey other property from J. M. Hood to Georgiene Ruth Carey, the daughter of the defendants in this action. This deed is the subject of a separate action.

Mrs. Carey testified further that her father handed the two deeds to her and told her to take them and keep them and at his death have them recorded. He said, "Now, Ida, don't take advantage of me and have those deeds recorded before I die." To this she replied, "If you think I will do anything like that take the deeds and keep them yourself and at your death I will have them recorded." With that she handed the deeds back to him. They remained in his possession for a year and a half or two years, being kept in a trunk owned by him. Thereafter Mrs. Carey, desiring to use this trunk, asked her father for it and he took the papers and handed them to the defendant George R. Carey, saying, "George, you take these deeds, put them away with your papers and at my death have them recorded." Carey's version of the later transaction was that Hood handed him the deeds and told him to put them with his papers and keep them, saying, "Do not take advantage of me, George, and have them recorded until after I am dead." Mrs. Carey's testimony regarding the transaction of February 11, 1908, was supported, substantially, by the testimony of her husband and daughter and by that of Mount, who signed as a witness to the deeds.

There was evidence, further, that in 1889 Hood had made a will, giving the major part of his estate to his wife for life with remainder over to his two daughters, Mrs. Brazilton and the defendant, Ida Belle Hood, now Mrs. Carey. On May 31, 1910, Hood made a second codicil to this will in which he confirmed and ratified the foregoing provisions thereof. The appellant objected to the admission of this evidence. There was also offered and allowed over their objection the testimony, of a witness that he had, after February 11, 1908, had a conversation with Hood with reference to a proposed sale by Hood of the property covered by the deed here in controversy. Other acts and declarations of Hood, after the date of the deed, were offered and admitted in evidence. If they had any material bearing on the case at all, it was by way of showing conduct and statements inconsistent with a prior conveyance of the fee by him.

It is claimed that all of this evidence was erroneously admitted. This question has been so recently and so exhaustively considered by this court that a mere reference to the case of *Williams* v. *Kidd, ante,* p. 631, [151 Pac. 1], decided July 30, 1915, will furnish adequate support for the rulings complained of.

On the further contention of appellants that the evidence does not support the finding that the deed in question was not delivered, the reasoning of this court in *Williams* v. *Kidd* is also in point and determinative. The authorities on the subject are collected and discussed in detail in that opinion. Briefly stated, they establish a doctrine that while a deed may be handed to a third party to be delivered to the grantee named in it at the death of the grantor, such delivery will be held to pass title only "if the intention of the grantor is to make such delivery absolute and place it beyond his power thereafter to revoke or control the deed." The intention of the grantor in such cases is a question of fact to be determined by the trial court "from a consideration of all the evidence in a given case bearing upon the question." The one essential to a valid delivery is that the grantor should have intended then and there to finally part with the title. If he did not intend to divest himself of the title but intended only to make an arrangement which should, upon his death, operate to then transfer his title to the grantees named, he was in effect attempting to make a testamentary disposition

CLXX Cal.—48

of his property—an attempt which would be ineffectual because the paper was not executed in accordance with the requirements of the Civil Code regulating the making of wills.

Little argument is needed to show that the evidence in this case, taking the version given by the appellants themselves, was such as to authorize the finding against delivery. The acts and conduct of Hood at the time of signing of the deed and when he handed it to Carey were equivocal. What his intention was is a matter of inference to be drawn by the trial court from all the circumstances. His request to his daughter that she should not take advantage of him and record the deed before his death might very reasonably have been taken by the trial court as indicating his intention to keep control of the deeds and over the property during his life. The daughter's action in then and there returning the deeds to him supports this view. The later handing of the instrument to George R. Carey was, according to the testimony of the latter, coupled with a similar declaration on the part of the alleged grantor. All in all the circumstances surrounding the making of the deed and the arrangements for its custody were entirely consistent with the idea that Hood was seeking to make a testamentary disposition which should be effective only upon his death. The trial court's findings on disputed issues of fact are conclusive here, not only where the testimony of witnesses is in conflict with regard to the exact things said and done, but also where opposing inferences may be reasonably drawn from undisputed facts. Here the court drew the inference that the intent necessary to a valid delivery was lacking and with its conclusion in this regard the appellate court cannot interfere.

The finding that the deed on which the defendants relied was never delivered necessitated the judgment in favor of the plaintiffs. There is no occasion, therefore, to consider whether the evidence supports other findings attacked, such as that Hood never signed the deed and that he did not acknowledge it. If the findings had been otherwise on these issues the judgment must still have gone as it did, and under the settled practice of this court these findings and any error involved in their making are immaterial.

There are no other points requiring discussion.

The judgment is affirmed.

Shaw, J., Melvin, J., Lorigan, J., Henshaw, J., Lawlor, J., and Angellotti, C. J., concurred.