[Civ. No. 2419. First Appellate District.—September 7, 1918.]

## D. SAMUELS REALTY COMPANY (a Corporation), Appellant, v. FRANK NUNAN et al., Respondents.

LEASE — ACTION ON GUARANTY — SURRENDER AND ACCEPTANCE AS DE-
FENSE—EVIDENCE—APPEAL.—Where in an action on a written guar-
anty of a lease, the defendants pleaded a surrender of the lease
by the lessees and acceptance of the premises by the landlord, and
the trial court made findings sustaining the defense, while the evi-
dence was such that reasonable minds may differ as to whether
a surrender was intended, an appellate tribunal is not entitled to
interfere.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Frank J. Murasky,
Judge.

The facts are stated in the opinion of the court.

Charles W. Slack, for Appellant.

Garret W. McEnerney, for Respondents.

STURTEVANT, J., *pro tem.*—This is an action on a writ-
ten guaranty executed to secure the performance of the terms
of a written lease.   The defendants had judgment in the trial
court.   The plaintiff moved for a new trial, the motion was
denied, and from the order denying said motion the plaintiff
appealed and has brought up the evidence in a bill of excep-
tions.

If there was a surrender of the lease by the original lessees
and an acceptance of the premises by the landlord, it is con-
ceded that the judgment should be affirmed.   The defendants
in their answer pleaded a surrender and acceptance, and the
trial court made findings sustaining the defense.   The ques-
tion, as presented to this court, is solely as to whether such
findings are sustained by the evidence.   It is not contended
that there is any direct evidence in the record on this issue;
but the defendants contend that the record contains evidence
from which the only fair inference to be drawn is the infer-
ence that a surrender took place.   They further contend that
the function of determining what inferences might be drawn

from the evidence was with the trial court, and that an appellate court may not disturb such finding unless it appears that there is no evidence to support it, or that the evidence is so clearly preponderating against the finding as to amount, in legal effect, to a want of substantial evidence (*Williams* v. *Kidd,* 170 Cal. 631, [Ann. Cas. 1916E, 703, 151 Pac. 1]), and that the powers of this court are also limited where opposing inferences may be reasonably drawn from disputed facts (*Rice* v. *Carey,* 170 Cal. 748, 754, [151 Pac. 135]). The plaintiff does not controvert these contentions, but maintains that the record does not disclose any evidence supporting, or tending to support, the inference which the trial court drew. To solve the problem, there is little evidence in the record. August 15, 1906, Maurice V. Samuels, as owner, leased to F. J. Bonney and J. V. Owens the southeast corner of Eighth and Clementina Streets. The lease was for a term of five years from October 1, 1906, and had attached to it a written guaranty signed by Matthew Nunan. The lessee entered and held possession till February 20, 1907. Speaking of about that date the lessor testified:

"I know that a man named Michel was in possession of the premises after Owens and Bonney left. One of my brothers, as I remember it, wrote to me in New York that Owens and Bonney wanted to get out and that Matthew Nunan was willing to guarantee another man named Michel. I don't know whether Owens and Bonney were quarreling or didn't pay or something. I think the letter giving me this information was received by me some time around February 20, 1907.

"Q. Prior to the execution of this letter you were advised by one of your brothers, or one of your relatives out here that Owens and Bonney wished to go out, and that there was a man named Michel who wished to go in?

"A. That is my impression.

"Q. And Mr. Nunan was willing to guarantee the payment of the rent by Michel if you were agreeable to that course; is that correct?

"A. That is my impression.

"Q. You stated that you were?

"A. I was quite willing, certainly, as long as Mr. Nunan, who was responsible, was there. I didn't care who was in there.

"Q. And Messrs. Owens and Bonney did leave the premises at or about that time, did they not?

"A. I think so, because the reports received in New York read 'Michel.' "

On February 20, 1907, Nunan wrote to the owner's brother:

"Confirming my phone message to you of yesterday, beg to state that I will allow my name to remain on the bond of M. Michell Suc. to James V. Owens & Co. corner 8th and Clementina St."

There is no evidence that any bond except the guaranty was signed by Nunan. Thereupon the original lessees vacated the premises and Michel entered. He remained a tenant till September, 1907, at which time he and Marchand went to J. L. Samuels and Marchand says: "Michel presented me to Mr. Samuels and asked Mr. Samuels if he wanted me for a tenant. Mr. Samuels said 'Yes, so long as I paid the rent.' " In June or July, 1908, Marchand sold to Berton and at that time the two called on J. L. Samuels and Marchand says: "When I went to see Mr. Samuels at the store I told him I had sold out the place to Berton and asked him if he wanted that man for his tenant. He said, 'Yes, so long as he pays the rent.' " The rent was paid to J. L. Samuels. The receipts were made out in different ways, some receipting to Michel, some to Berton, and at least one to J. B. Johnson, who had backed Berton. While it will be conceded that the story, as gathered from the foregoing recitals, contains but very little touching the subject of surrender, yet we think it cannot be successfully maintained that there was no evidence on the subject. While reasonable minds may differ as to whether a surrender was intended, this court is not entitled to interfere. (*Williams* v. *Kidd, supra.*)

The judgment should be affirmed, and it is so ordered.

Lennon, P. J., and Beasly, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 4, 1918.