[Civ. No. 2648.  Second Appellate District, Division One.—June 6, 1919.]

## CARRIE A. DEURESS MEEKER, Appellant, v. WILBUR S. SPENCER, Administrator, etc., et al., Respondents.

[1] DEEDS—VALID DELIVERY—INTENT—QUESTION OF FACT.—In order to constitute a valid delivery of a deed it is essential that the grantor have intended to finally part with the title, and this is a question of fact to be determined from all the evidence and circumstances of the transaction, together with reasonable inference which the court is entitled to deduce therefrom.

[2] ID.—CASE AT BAR—ACTS OF GRANTOR AND GRANTEE—INTENT OF GRANTOR.—In this action by a widow against the heirs of her deceased husband and the administrator of his estate to quiet title to certain real property standing of record in the name of the deceased, what transpired at the time the deed under which the plaintiff claimed title was executed by her husband before the notary public and by the latter, without any express authority so to do from the grantor, but of his own volition, handed it to plaintiff, coupled with the acts of plaintiff in regard to the property while she was the administratrix of the estate of the deceased, which acts were wholly inconsistent with her subsequent claim of ownership of the property, fully supports the theory that the deed in question was not intended as a present transfer of title, but rather in the nature of testamentary disposition of the property.

APPEAL from a judgment of the Superior Court of San Diego County.  C. N. Andrews, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Andrews & Wright for Appellant.

Luce & Luce for Respondents.

SHAW, J.—Action to quiet title.  The complaint, in the usual form in such cases and filed on March 31, 1915, alleged that plaintiff is now, and for a long time has been, the owner of Lot ''G,'' Block 40, Horton's Addition to the city of San Diego, as to which defendants, though having

1. Delivery of deed as question of law or fact, note, **Ann. Cas.** 1914D, 108.

no title or estate therein, wrongfully and without right claim an interest; followed by the usual prayer that defendants be required to set forth the nature of their claims, and that it be decreed that they have no title or claim to the lot. The answer, in addition to denials of plaintiff's allegations, alleged that William A. Deuress, deceased, was at the time of his death in possession and the owner of the premises described in the complaint, and that his legal heirs, one of whom was defendant Taylor, were the owners thereof, subject to the rights of Wilbur S. Spencer, as administrator of the estate, and entitled to possession thereof; followed by a prayer for a decree in their favor.

The court found: First, that plaintiff was not then, nor at the commencement of the suit, owner of or entitled to the property. Second, that the claim of defendants Wilbur S. Spencer as administrator, and Katherine Taylor as heir of William A. Deuress, deceased, is not without right, but that said defendants have right, title, and interest in said land and every part thereof. Third, that the legal heirs of William A. Deuress, deceased, are the owners of the premises, subject to the administration of said estate by said defendant Wilbur S. Spencer, as administrator thereof; followed by a conclusion of law in favor of said defendants, upon which judgment was entered in accordance therewith.

Plaintiff, claiming that the evidence is insufficient to support these findings, has appealed from the judgment.

Plaintiff at the trial founded her claim of title to the property upon a deed to her made by William A. Deuress on the eighth day of May, 1897, which she says her deceased husband, at the date of its execution, delivered to her. That the deed was signed and acknowledged by the husband, admits of no controversy. The facts and circumstances touching the delivery of the deed are that on the day mentioned plaintiff and her then husband went to the office of a notary public, before whom three deeds were signed and acknowledged, one of which was a deed, signed by both parties, which purported to convey the real estate therein described to the defendant Katherine Taylor, stepdaughter of plaintiff; another was a deed by plaintiff purporting to convey certain property standing of record in her name to her husband William A. Deuress; and the other was a deed from plaintiff's husband to herself purporting to convey

41 Cal. App.—26

the property involved in this controversy and as to which the notary testified that, after it was executed, he, without any express authority so to do from the grantor, but of his own volition, handed it to plaintiff, saying: "Here, Mrs. Deuress, I deliver to you the deed to this property, and she took it." Mr. Deuress picked up the other deeds and he and his wife went away. Plaintiff says they took the deeds to their home, where all three of them were together placed in a trunk which the husband and wife used in common. At the trial, occurring some eighteen years later, she testified that, while she thought she had seen the deed after it was placed in the trunk, she was not certain. At all events, after a diligent search therefor she was unable to find it. She did not record it for the reason that her husband wished to sell the property. The deed made to Mrs. Taylor was, a few weeks after its execution, taken from the trunk by Mr. Deuress and destroyed. Although she found the deed made by her to the husband, she did not inventory the property which it purported to convey as that of the estate, but, after the decease of her husband, she sold and conveyed it as her own property, which fact appeared of record. Her reason for making the deed to him was that she wanted him to have the property in case of her death, but, as to the property in dispute, deed to which she claims was delivered to her, the reason for so doing was the desire of the husband to secure payment of money which she had loaned to him. Other evidence in favor of plaintiff was the testimony of a witness to the effect that Mr. Deuress had pointed out this lot to him, saying, "that was one of his lots," but that he had given his wife a deed to it.

[1] The one essential to a valid delivery of the deed in question is that the grantor should have intended to finally part with the title (*Rice* v. *Carey*, 170 Cal. 748, [151 Pac. 135]; *Williams* v. *Kidd*, 170 Cal. 631, [Ann. Cas. 1916E, 703, 151 Pac. 1]); and this is a question of fact to be determined from all the evidence and circumstances of the transaction, together with reasonable inference which the court is entitled to deduce therefrom. [2] In the instant case, while the evidence is not only meager and unsatisfactory in support of plaintiff's contention, it appears that the only act upon which delivery of the deed is based is that of the notary who, of his own motion and without

authority so to do, handed the deed to plaintiff. Conceding the act done with the husband's assent, a like delivery of the deed executed by plaintiff was made to the husband and this, as shown by her own testimony and act in thereafter selling the property, was not intended as a transfer of the title which the deed purported to convey. The exchange of deeds so made constituted one transaction, and it is a fair inference from the circumstances shown that the purpose of the husband in executing the deed to his wife was identically the same as that had by the wife in executing a deed to him of her property, namely, that, retaining control over the instrument during his life, it should, if not destroyed, become operative in event of his death.

At the trial it further appeared that plaintiff was the widow of William A. Deuress, deceased, who died on the —— day of ——, 1912, at which time the property in question stood of record in his name; that on October 11, 1912, she was appointed administratrix of his estate by the superior court of San Diego County, and as such administratrix, she, on March 7, 1913, filed an inventory, duly verified by her, wherein she described, among other property of the estate, the lot in question, which was appraised at the sum of forty thousand dollars. On September 2, 1913, she, as widow of said deceased, filed a petition alleging the total estate of deceased, which included the lot in question, was of the value of $65,237, and asking for an allowance of $250 per month to be made to her as widow of said deceased, which allowance was duly made. There was also filed by her a petition for an order of sale of said property for the purposes of paying the expenses of administration and the widow's allowance, which not being made, the court, upon her application, authorized her to negotiate a mortgage upon the property in the sum of ten thousand dollars for said purpose. Her first annual account, duly verified, was filed March 30, 1914, which included rents received from said property by her as such administratrix, and the payment to her of said widow's allowance from June 15, 1912, to March 15, 1914, amounting to $5,250, which account was duly allowed by the court. On July 10, 1914, she filed a final account and petition for distribution and discharge, which exhibited the fact that she had borrowed ten thousand dollars secured by mortgage upon the property, as per order of

the court, and had paid balance due on account of widow's allowance and other expenses of $6,432.12, and showing that a further amount was due to her as the widow of deceased, from March 15, 1914, to July 15, 1914, in the sum of one thousand dollars. And also by said petition showing that all of the property, including the lot in question, was community estate of herself and said deceased, and asking that the same be distributed to herself as widow, and defendant Katherine Taylor, as sole heirs of deceased. On August 3, 1914, prior to the court acting upon her petition for settlement of her final account and distribution of said estate as therein asked, she tendered her resignation as administratrix of the estate, upon acceptance of which and the appointment of Wilbur S. Spencer as administrator thereof, she instituted this action. As thus shown, her acts in regard to the property are wholly inconsistent with the claim asserted, but fully support the theory that the deed under consideration, like the one by her executed to the husband, was not intended as a present transfer of title, but rather in the nature of testamentary disposition of the property.

Under our view that the evidence supports the findings complained of, we deem it unnecessary to discuss the question of estoppel based upon the fact that she, upon representation that this property in value constituting nearly two-thirds of the estate, obtained six thousand five hundred dollars as widow's allowance, together with fees for administering thereon.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.