[Civ. No. 4112.    First Appellate District, Division Two.—January 31, 1922.]

## GARCIA & MAGGINI CO. (a Corporation), Respondent, v. S. SANFILIPPO, Appellant.

[1] SALES—CROP OF PRUNES—BREACH BY SELLER—SUBSTITUTION OF INFERIOR QUALITY—FINDING—EVIDENCE.—In this action for damages for an alleged breach of a contract for the sale of a crop of prunes, the finding that the defendant breached the contract by substituting inferior prunes grown on another ranch is supported by the evidence.

[2] EVIDENCE — CONFLICTING INFERENCES—FINDINGS—APPEAL.—Where conflicting inferences may be drawn from testimony, the appellate court is bound by the findings of the trial court as conclusively as in other cases of conflict.

[3] SALES—CROP OF PRUNES—NOMINAL DAMAGES—PLEADING—FIND-ING—HARMLESS VARIANCE.—Where in an action for breach of a contract for the sale of a crop of prunes the plaintiff was awarded only nominal damages for the breach, the defendant was not prejudiced by the fact that the damages were allowed for the wrongful delivery of "French prunes" upon a finding merely that "dried prunes" had been wrongfully delivered.

APPEAL from a judgment of the Superior Court of Santa Clara County. W. A. Beasly, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. H. Bloomingdale and C. D. Cavallaro for Appellant.

S. G. Tompkins and J. P. Sex for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment against him in an action in which the plaintiff company sought to recover upon the following alleged facts: That on June 19, 1919, defendant entered into a written contract with the plaintiff by the terms of which the defendant was to sell to plaintiff all the prunes to be grown upon his ranch known as the McKagney Place, near Campbell, California, during the year 1919. The prunes were of two varieties, known as French and sugar prunes. The price to be paid for the fruit was fifteen cents a pound. At the time when the prunes were to be delivered, the market price at the place of delivery had dropped to eleven cents a pound for the French prunes. Thereupon the defendant secretly and fraudulently procured a large number of French prunes which were not grown upon the McKagney Place and delivered the same to plaintiff as fruit grown upon said ranch and plaintiff, without knowledge of the deception, paid for said fruit at the price provided by the contract. It is further alleged that at the time of delivery of the fruit the price of large sugar prunes had risen considerably and defendant thereupon sold and delivered to buyers other than the plaintiff a large quantity of large sugar prunes grown on his ranch which should have been delivered to plaintiff under the contract between the parties. It is further alleged that at the time of the execution of the contract the plaintiff paid to defendant three thousand dol-

lars under the terms of the contract and accepted defendant's note for said sum. Thereafter, defendant offered to deliver to plaintiff, under its contract, an additional amount of French prunes which were not grown upon said ranch, and upon discovery of the fraud plaintiff rescinded the contract. The contract provided that if the seller delivered or offered to deliver fruit not a part of said crop, the buyer should have the option to cancel the contract.

Plaintiff sought to recover the three thousand dollars advanced to defendant and also damages caused by its payment for French prunes not grown upon the ranch, at a price above the market price, and also damages for the loss suffered by it by reason of defendant's failure to deliver all the large sugar prunes grown on the ranch. The court made no finding on this latter matter and it is not involved on this appeal; otherwise, the trial court found, substantially, in accordance with the allegations of the complaint. It was specifically found that between the first day of September, 1919, and the third day of October, 1919, the defendant delivered to plaintiff, and offered to deliver to plaintiff under said contract, dried prunes which were not grown upon the McKagney ranch, and which were not a part of the crop mentioned in the contract, and that thereupon the plaintiff canceled the contract. It was found that prior to the cancellation of said contract, the plaintiff had at all times fully performed its part of said contract. The court found that by reason of the breach of said contract by the defendant the plaintiff had been damaged in the nominal sum of one dollar, and judgment was given for plaintiff for that sum, together with the three thousand dollars advanced to defendant under the contract, interest and costs.

[1] Defendant appeals from the judgment, contending that the evidence is insufficient to support the findings. The contention is entirely without merit. The evidence abundantly supports the findings. The plaintiff produced witnesses who had hauled many loads of prunes to defendant's ranch from a ranch situated at Berryessa and managed by defendant's brother. The two ranches were twelve miles apart. These prunes were delivered to plaintiff, according to the testimony of a man on defendant's ranch. Indeed, defendant does not deny that he delivered and offered to deliver these prunes to plaintiff, the only real ques-

tion between the parties being whether or not these particular prunes were grown on the McKaney ranch or upon the Berryessa ranch. The trial court has evidently concluded that they were not grown on the McKagney ranch. There is much to be said in support of this conclusion. After plaintiff investigated the matter and after it had located the expressmen who had hauled the prunes to defendant's ranch from the Berryessa ranch, plaintiff's representative charged defendant with stocking his ranch with prunes grown elsewhere and asked from where they had been obtained. According to the testimony of two witnesses, defendant first stated that he had not stolen the prunes, but had bought them. Later, when informed that he was not privileged to buy prunes for delivery under his contract, and after what was evidently a warning from one speaking his native language, he denied that he had bought any prunes and insisted that they had all been grown on his ranch.

To meet this very persuasive testimony defendant and his brother testified that the prunes in question were actually grown on defendant's ranch, but explained that they had been hauled to the Berryessa ranch, a distance of twelve miles, to be dried there; that this hauling was done by an employee on the ranch of defendant; that after the prunes were dried they were hauled by the draymen who testified for plaintiff, back to the McKagney Place for delivery to the plaintiff. This testimony failed to carry conviction to the mind of the trial judge, which is not surprising, in view of the additional fact that defendant's brother was under contract to deliver to O. A. Harlan Company all the prunes grown on the Berryessa ranch, estimated at forty-five tons, at a price of twelve cents a pound. Upon this contract he delivered only about fifteen tons and secured a release from said company. The trial court was at liberty to disbelieve the testimony of the defendant under the facts recited herein and also in view of other matters in the record which are strongly persuasive and which tend to support the view which the trial judge took of the evidence.

It is unnecessary for us to discuss the evidence further, except to say that the record discloses, as in most cases, conflicting testimony, and there is much circumstantial evidence and evidence from which ultimate facts must be de-

duced or inferred. **[2]** But where conflicting inferences may be drawn from testimony, this court is bound by the findings of the trial court as conclusively as in other cases of conflict. (*Rice* v. *Carey,* 170 Cal. 748, 754 [151 Pac. 135].) It is impossible to read the entire record in this case and to say that the findings of the trial court are not supported by the evidence.

**[3]** Another point for reversal is urged by appellant because of the fact that the complaint alleges an offer and delivery of ''French prunes'' not grown on the ranch and the findings are that the defendant delivered and offered to deliver to plaintiff ''dried prunes'' which were not grown on the McKagney ranch and which were not a part of the crop mentioned in the contract. Appellant urges that this is a variance between the allegations of the complaint and the findings of the court which necessitates a reversal of this judgment. We are of a different opinion, under the special facts shown in this case, because if error was committed it could not possibly be prejudicial to defendant. Had there been an allowance of damages made by the trial court predicated upon the delivery to plaintiff of ''French prunes'' not grown on the defendant's ranch and based upon the market price of ''French prunes,'' there might be cause of complaint on the part of defendant because of the general finding of the delivery of ''dried prunes.'' But it is to be observed that only nominal damages were allowed to plaintiff for defendant's breach of contract. Defendant cannot complain, therefore, that damages were allowed for the wrongful delivery of ''French prunes'' upon a finding merely that ''dried prunes'' had been wrongfully delivered. The only recovery by the plaintiff was for money which it had prepaid to the defendant upon the contract with him. This money was recovered back upon the theory of the rescission of the contract by the plaintiff because of the wrongful acts of defendant. Under the provisions of the contract which was attached to the complaint, the plaintiff was entitled to cancel the contract if the defendant delivered or offered to deliver ''fruit'' not a part of said crop. The finding that the defendant delivered and offered to deliver ''dried prunes'' which were not grown on his ranch and were not a part of the crop purchased by plaintiff assuredly meets this provision of the contract, as it

is obvious that if the defendant delivered "dried prunes" not grown on the ranch, he delivered "fruit" not grown on the ranch. Under the findings and the record before the court it is beyond dispute, then, that the defendant breached his contract and that the plaintiff was entitled to cancel the same and to recover back the amount paid thereunder, in advance of the delivery of fruit. Under these circumstances, defendant is in no way prejudiced by the fact that the finding on this point is somewhat broader than the allegation of the complaint. The complaint could have been amended to conform to the proof had the matter been called to the attention of the plaintiff or the court.

We find no error in the record which would warrant a reversal of this judgment and the same is affirmed.

Nourse, J., and Sturtevant, J., concurred.