[Civ. No. 5577.  First Appellate District, Division Two.—September 1, 1926.]

EDWIN REED, as Administrator, etc., Respondent, v. FRED J. SEVERIN, as Administrator, etc., Appellant.

[1] DEEDS—QUIETING TITLE—FUNDS USED IN PURCHASE—EVIDENCE.— In this action by an administrator to quiet title to a parcel of real property claimed by the defendant administrator to have been conveyed by plaintiff's intestate to defendant's intestate, the evidence was sufficient to show that plaintiff's intestate purchased the property with his own funds.

[2] ID.—DELIVERY—FINDING—EVIDENCE—APPEAL.—In such action, the finding of the trial court that there was no delivery of a deed made by plaintiff's intestate to defendant's intestate to the property in question will not be disturbed where such finding is based on conflicting evidence.

[3] ID.—DUTY OF TRIAL COURT.—In such action, it was the duty of the trial court to determine the one essential fact of delivery of the deed, and this fact was to be determined upon all the evidence and circumstances surrounding the execution and retention of the paper.

[4] ID.—INTENT—FACT.—The intention of the parties is the main or vital thing, or the one essential to the valid delivery of a deed; it is the intent which restricts or enlarges the effect of the instrument, and the intent is a question of fact to be solved in the light of all the circumstances surrounding the transaction.

[5] ID. — DELIVERY — PAROL EVIDENCE. — When a deed has been properly executed *and actually delivered,* parol evidence is not permissible to show that it was to take effect only upon the performance of some condition not expressed therein, but such rule is not applicable where the question is whether the deed was delivered or not, and this is a question of fact from the very nature of which parol evidence is admissible.

(1) 32 Cyc., p. 1372, n. 26.  (2) 4 C. J., p. 883, n. 33.  (3) 18 C. J., p. 215, n. 97, 98.  (4) 18 C. J., p. 197, n. 21, p. 198, n. 22, 23. (5) 18 C. J., p. 432, n. 39; 22 C. J., p. 1155, n. 25, p. 1223, n. 21.

APPEAL from a judgment of the Superior Court of San Diego County.  C. N. Andrews, Judge.  Affirmed.

4.  See 9 Cal. Jur. 155; 8 R. C. L. 978.
5.  See 9 Cal. Jur. 190.

The facts are stated in the opinion of the court.

W. J. Mossholder for Appellant.

Hamilton & Lindley for Respondent.

NOURSE, J.—Plaintiff, as administrator of the estate of Otto N. Sehr, deceased, sued to quiet title to a parcel of real property located in San Diego County claimed by the defendant as the administrator of the estate of Anna Sehr, deceased. The defendant answered, claiming title through a deed executed by Otto N. Sehr on June 7, 1916. A trial was had before the court resulting in judgment for the plaintiff as prayed, from which the defendant has appealed on the judgment-roll and a bill of exceptions.

Johann Sehr and Anna Sehr, husband and wife, came from Austria and settled upon a ranch in San Diego County in 1883. At that time, having no children, they took to their home Guy Northfield, who was then about three years of age, for the purpose of raising him as their own child. About twenty years later Johann Sehr passed away and his wife and this boy, who had been given the name of Otto Sehr, continued to live upon the ranch, where they were very successful from a financial standpoint. In September, 1914, Otto Sehr purchased a tract of land adjoining that occupied by Mrs. Sehr and himself consisting of about eleven hundred acres—the property here in suit. This purchase was effected by funds which Otto had saved while working with Mrs. Sehr upon the ranch and with money which he borrowed from Mrs. Sehr and for which he gave her his promissory note. At the time of the purchase the owner took from Otto a mortgage to secure a balance of the purchase price. This balance was subsequently paid in full by Otto and the mortgage canceled and the promissory note given to Mrs. Sehr was likewise paid off by Otto and the note returned to him. Some time before this Mrs. Sehr had executed a blanket deed to Otto conveying to him the property standing in her name. This deed had not been recorded but was placed in a trunk which was kept in Mrs. Sehr's room upon the ranch. At the time of the execution of this deed, and on several occasions thereafter, Mrs. Sehr directed one Mayerhofer, who for many years had been her intimate

friend and confidential business adviser, that the deed was to be retained in the trunk until her death and upon that event he, Mayerhofer, was to procure the deed and record it for the benefit of Otto. On January 7, 1916, Otto requested Mayerhofer to prepare a deed for him to execute conveying all his interest in the property in suit to Mrs. Sehr. Upon the execution of this deed Otto took it with him and placed it in the same trunk with the deed previously executed by Mrs. Sehr conveying her property to him and at the same time and on several occasions thereafter he gave similar directions to Mayerhofer to take the deed from the trunk upon his death and record it for the benefit of Mrs. Sehr. Both Mrs. Sehr and Otto were found dead in the ranch house at the same time in the early part of March, 1923. Immediately following the discovery of the bodies Mayerhofer and the coroner of the county discovered the two deeds in the trunk where the respective grantors had notified Mayerhofer they would be kept. This trunk it appears from the evidence was the common depository of all the private papers and valuables of both Mrs. Sehr and Otto and both of them had access to it for that purpose. Neither of the deeds was recorded prior to the death of the parties.

On these facts the trial court found that on June 7, 1916, Otto Sehr signed and acknowledged before a notary public a grant deed purporting to convey to Anna Sehr all his property, real, personal, and mixed, but that said instrument was never delivered and never became effective as a deed; that after the death of Otto defendant procured possession of the instrument and had the same recorded; that the plaintiff as administrator of the estate of Otto and Otto Sehr personally as predecessor in interest of the plaintiff had been in the actual, exclusive, and adverse possession of the property in suit continuously for more than five years prior to the commencement of the action. The trial court thereupon concluded that the plaintiff was entitled to judgment quieting his title to the property and that defendant should be precluded from asserting any claim thereto.

On this appeal the appellant attacks the judgment on the ground that the evidence is insufficient to show that Otto Sehr purchased the property with his own funds in the first instance and that it is insufficient to support the finding of the trial court that the deed of June 7, 1916, had not

been delivered.    Complaint is also made of the ruling of the trial court in receiving the testimony of witnesses covering the oral instructions given by the grantor relating to the delivery of the deed.

[1]    As to the first point the evidence is without conflict that Otto Sehr purchased the property in his own name with funds which he had in his possession aided by a loan from Mrs. Sehr, which he subsequently paid off in full, and a mortgage for the balance of the purchase price, which he gave to the owner and which he subsequently satisfied in full.    As against this the appellant has suggested the improbability of Otto's having sufficient funds to purchase the property because of the meager wages which he had been paid while working for Mrs. Sehr and insists that because Mrs. Sehr had been a successful and thrifty farmer it was more probable that she would have purchased the property with her own funds.    Though the matter is not of great importance, it must be apparent that mere conjectures of this nature have little weight as against positive evidence of the facts in dispute, and if the trial court had been called upon to find definitely upon this issue its finding based upon the positive evidence would not have been subject to attack.

[2]    As to the evidence of delivery the testimony is sharply in conflict.    Many witnesses were called who testified that both deeds were held by the respective parties under essentially the same conditions; that both grantors gave definite instructions that neither deed should be delivered to the grantee therein named, that in neither case, should the deposit of the deed in the common trunk be treated as a delivery to the grantee and that in both cases the witness Meyerhofer was to act as the agent of both parties and should in the event of the death of either deliver and record the deed executed in favor of the survivor and destroy the other.    As against this evidence testimony was offered on the part of the appellant coming from witnesses who were in or about the premises on numerous occasions to the effect that Mrs. Sehr controlled the trunk as her own; that she had stated that this particular property had been deeded to her by Otto and that the latter had stated to the witnesses that he had given his mother a deed to the property.

[3]    It hardly need be said that it was the duty of the trial court to determine the one essential fact of delivery

and that this fact was to be determined upon all the evidence and circumstances surrounding the execution and retention of the paper. [4] The intention of the parties "is declared to be the main or vital thing, or the one essential to the valid delivery of the deed. The final question always is, what was the intent with which the formality of a delivery was gone through with? And it is the intent which restricts or enlarges the effect of the instrument. The intent is a question of fact to be solved in the light of all the circumstances surrounding the transaction." (9 Cal. Jur., sec. 52, p. 155.) The evidence supporting the finding of the trial court on this issue is on a par with that found in *Meeker* v. *Spencer*, 41 Cal. App. 400 [182 Pac. 782], and which the appellate court there held sufficient to support the finding of nondelivery. Other cases to the same effect might be cited but to no purpose in view of the established rule that a finding of the trial court based upon conflicting evidence may not be disturbed if there appears any evidence in the record to support that finding.

[5] The appellant complains that the trial court was in error in admitting the testimony of the various witnesses covering the oral instructions given by the parties to the deed relating to its retention and delivery after the death of the grantor. It is true, as claimed by appellant, that when a deed has been properly executed *and actually delivered* parol evidence is not permissible to show that it was to take effect only upon the performance of some condition not expressed therein. But this is not the rule which is applicable here. The question is whether the deed was delivered or not, and this is a question of fact from the very nature of which parol evidence is admissible. (*Williams* v. *Kidd*, 170 Cal. 631, 651 [Ann. Cas. 1916E, 703, 151 Pac. 1]; *Fisher* v. *Olney*, 174 Cal. 781, 788 [164 Pac. 800].)

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.